337 So.2d 982 (1976)
Erick S. MOORE, a Minor, by and through His Natural Father and Legal Guardian, Jack H. Moore, and Jack H. Moore, Individually, Appellants,
v.
ST. CLOUD UTILITIES, an Agency, Board or Commission of the City of St. Cloud, Florida, a Municipal Corporation, et al., Appellees.
No. 74-412.
District Court of Appeal of Florida, Fourth District.
January 9, 1976.
Rehearing Denied February 6, 1976.
Arnold R. Ginsberg, Horton Perse & Ginsberg, Miami, and Nance & Cacciatore, Melbourne, for appellants.
Joe B. Weeks, Gurney Gurney & Handley, and Calvin J. Faucett, Orlando, for appellee-St. Cloud Utilities.
Monroe E. McDonald, Sanders McEwan Mims & McDonald, Orlando, for appellees-Cassel, Miller and Pennsylvania Nat. Mut. Cas. Ins. Co.
CROSS, Judge.
Appellant-plaintiffs, Erick S. Moore, a minor, by and through his natural father *983 and legal guardian Jack H. Moore, and Jack H. Moore individually, appeal a final judgment apportioning among various tort-feasors liability for damages resulting to the plaintiffs when the minor plaintiff came into contact with a downed live electrical power line. We reverse.
On March 27, 1970, appellee-defendant, James M. Miller, was driving a pickup truck owned by appellee-defendant, Arthur L. Cassel doing business as Cassel's Garage, along U.S. 192 in Osceola County, Florida. Approximately eight miles east of Ashton, Florida, Miller lost control of the truck, ran off the side of the road and collided with an electrical power pole erected and maintained by appellee-defendant, St. Cloud Utilities. The collision caused the pole to snap and fall in the direction of the road. The three electrical power lines borne by the pole were not severed, but were brought in close proximity with the road as a result of the pole's fall.
Shortly after the collision, appellee-defendant, David Milliron came upon the scene of the accident in his automobile. Appellant-plaintiff, Erick S. Moore, age 14, was riding as a passenger in the Milliron automobile. Milliron stopped, got out of his automobile and walked to the edge of the road closest to Miller and the pickup truck to inquire if he could be of assistance. Erick accompanied Milliron in this effort. It was decided that Milliron should position his automobile in such a manner as to allow the automobile's headlights to illuminate the accident scene. While Milliron was so positioning his automobile, Erick, who was still standing by the edge of the road, inadvertently came into contact with one of the downed live electrical power lines. As a result, Erick sustained serious injuries.
Thereafter, plaintiffs, Erick S. Moore, a minor by and through his natural father and legal guardian Jack H. Moore, and Jack H. Moore individually, filed suit against St. Cloud Utilities, an agency, board or commission of the City of St. Cloud, Florida, a municipal corporation, Home Insurance Company, St. Cloud Utilities' public liability insurer, Miller, Cassel d/b/a Cassel's Garage, Pennsylvania National Mutual Casualty Insurance Company, Cassel's automobile liability insurer, Milliron, Nationwide Fire Insurance Company, Milliron's automobile liability insurer, and Lumberman's Mutual Insurance Company, Milliron's homeowners insurer. A motion for a summary judgment filed by Nationwide was granted by the trial court as the negligence allegedly attributable to Milliron was not covered by Nationwide's liability insurance policy. Immediately prior to trial the plaintiffs announced a $25,000 settlement with Milliron and Lumberman's Mutual, and said parties defendant were dismissed from the suit.
The cause came on for trial. At the conclusion of the trial, the court submitted to the jury a special verdict form requiring the jury to determine the amount of damages sustained by Erick and by Erick's father as a result of the accident, and also to determine if and to what extent negligence of Erick, Miller, Milliron and St. Cloud Utilities was the legal cause of Erick's injuries. The jury, in returning its verdict, found that Erick sustained $450,000 damages, and that Erick's father sustained $20,000 damages. In addition, the jury found that Erick, Miller, Milliron and St. Cloud Utilities were negligent, and their negligence was the legal cause of the injuries suffered by Erick in the following percentages: Erick 20%; Miller 20%; Milliron 35%; and St. Cloud Utilities 25%. Thereafter the trial court entered final judgment apportioning liability for damages sustained by Erick and Erick's father according to the jury's determination of fault. Miller and Cassel d/b/a Cassel's Garage, were adjudged liable for 20% of the respective plaintiffs' damages, i.e., to Erick for $90,000[1] and to Erick's father *984 for $4,000. St. Cloud Utilities was adjudged liable for 25% of the respective plaintiffs' damages, i.e., to Erick for $112,500,[2] and to Erick's father for $5,000. It is from this final judgment that plaintiffs appeal.
On appeal plaintiffs contend that the trial court erred in entering final judgment apportioning, as described above, liability for damages sustained by the plaintiffs.
In Hoffman v. Jones, 280 So.2d 431 (Fla. 1973), the Florida Supreme Court adopted the doctrine of comparative negligence. According to the doctrine of comparative negligence, if a plaintiff and several defendants are all at fault in causing the plaintiff damages, the plaintiff may recover but the amount of his recovery may be only such proportion of the entire damages plaintiff sustained as the several defendants' negligence bears to the combined negligence of both the plaintiff and the several defendants.
The doctrine of comparative negligence as defined above does not alter the rule that each of the several defendants will be jointly and severally liable for all damages recoverable by the plaintiff. Lincenberg v. Issen, 318 So.2d 386, (Fla., opinion filed July 30, 1975). If one of the several defendants is required to pay more than his pro rata share of the common liability, his remedy is in the nature of contribution. See Section 768.31, Florida Statutes.
We now direct our attention to the instant case. The jury in its special verdict found that as a result of the accident Erick sustained $450,000 damages and Erick's father sustained $20,000 damages. The jury in its special verdict also found that in causing Erick's injuries, Erick was 20% at fault, while Miller was 20% at fault, Milliron was 35% at fault, and St. Cloud Utilities was 25% at fault. The trial court then entered final judgment adjudging Miller liable for $90,000 to Erick and $4,000 to Erick's father (20% of the damages sustained by each plaintiff), and St. Cloud Utilities for $112,500 to Erick and $5,000 to Erick's father (25% of the damages sustained by each plaintiff). It was error for the trial court to so apportion the liability of Miller and St. Cloud Utilities. The trial court was required to enter final judgment adjudging Miller and St. Cloud Utilities jointly and severally liable for all damages recoverable by each of the plaintiffs, i.e., $360,000 damages recoverable by Erick[3] and $16,000 damages recoverable by Erick's father.[4]
We have considered the cross-assignments of error raised on appeal by appellees and find them to be without merit.
Accordingly, the final judgment is reversed and the cause remanded to the trial court for entry of a judgment[5] consistent with the views herein expressed.
Reversed and remanded, with directions.
OWEN and DOWNEY, JJ., concur.

ON PETITION FOR REHEARING
PER CURIAM.
The several appellees have filed petitions for rehearing which assert (1) that the court failed to consider the issues raised by the cross-assignments of error relating to the law of proximate cause, (2) that the court failed to determine whether the jury verdict against Miller was based upon negligence arising out of Miller's operation *985 of the Cassel vehicle (in which event automobile liability insurance coverage on the vehicle would be applicable), or whether the jury verdict against Miller was based upon his conduct after alighting from the motor vehicle (in which event automobile liability insurance coverage would not apply), and (3) that the court's opinion is ambiguous as to whether upon remand the judgment is to be entered against Cassel as well as Miller and St. Cloud Utilities.
We respond to these matters seriatim: (1) We considered the issues raised by the cross-assignments of error relating to the law of proximate cause, and concluded that as to the alleged negligence of Miller in the operation of the Cassel vehicle and the alleged negligence of St. Cloud Utilities in the maintenance of its power distribution system, a jury question was presented as to whether either was a proximate cause of the plaintiff's injuries. (2) As to making a determination as to the theory upon which the jury found Miller liable, we saw no way that such could be made from the record since the case went to the jury on both theories. (3) The opinion filed January 9, 1976 is ambiguous as to Cassel's liability and is modified to require that the judgment to be entered upon remand is to be against Arthur L. Cassel d/b/a Cassel's Garage jointly and severally with the other defendants as stated in the prior opinion.
The petitions for rehearing are otherwise denied.
CROSS, OWEN and DOWNEY, JJ., concur.
NOTES
[1] This liability was joint and several with Pennsylvania National to the extent of $10,000, the policy limits of the liability insurance policy between Pennsylvania National and Cassel.
[2] This liability was joint and several with Home Insurance to the extent of $100,000, the policy limits of the public liability insurance policy between Home Insurance and St. Cloud Utilities.
[3] $450,000 damages sustained, less the amount of damages attributable to Erick's negligence, $90,000.
[4] $20,000 damages sustained, less the amount of damages attributable to Erick's negligence, $4,000.
[5] Final judgment shall reflect a credit for the amount which Milliron has already paid pursuant to sec. 768.31 (5) (a), F.S. 1975.