376 So.2d 296 (1979)
William M. NEILSON, Kim L. Neilson, and Robert F. Neilson, Minors, by and through Their Father and Next Friend, William E. Neilson and William E. Neilson, Individually, and Patricia P. Neilson, Appellants,
v.
DEPARTMENT OF TRANSPORTATION, an Agency of the State of Florida; and Hillsborough County, a Political Subdivision of the State of Florida, Appellees.
No. 78-318.
District Court of Appeal of Florida, Second District.
November 2, 1979.
Joel D. Eaton and Walter H. Beckham, Jr. of Podhurst, Orseck & Parks, Miami, and Simons & Schlesinger, Fort Lauderdale, for appellants.
George K. Rahdert and Joseph W. Clark of Shackleford, Farrior, Stallings & Evans, Tampa, for appellee Hillsborough County.
Alan E. DeSerio, Larry K. White, and H. Reynolds Sampson, Tallahassee, for appellee Department of Transportation.
OTT, Judge.
An intersection collision in the City of Tampa led to this action seeking compensation for personal injuries and property damage. The complaint alleged negligence on the part of certain individual defendants as owner and operator of one of the vehicles involved in the accident. In addition, the City of Tampa, the County of Hillsborough and the Florida Department of Transportation were also joined as defendants and collectively charged with negligence in designing, *297 constructing, maintaining and controlling the intersection, which was allegedly hazardous to motorists.
On their motions, Hillsborough County and the DOT were dismissed from the action on the ground that they were immune because their allegedly negligent acts were "governmental" in nature and no "special duty" had been either alleged or shown to be owing to plaintiffs. We reverse that order.
The concept on which appellees were released from the case has now been expressly disapproved by our supreme court. See, Commercial Carrier Corp. v. Indian River County and Cheney v. Dade County, 371 So.2d 1010 (Fla. 1979), declaring that the doctrine of governmental immunity was abolished in this state when Section 768.28, Florida Statutes became effective. All units of government are now liable for their tortious conduct.
There are, of course, certain functions of government which do not give rise to liability because they are discretionary. By definition such acts cannot be tortious because no breach of duty can be established. Commercial Carrier/Cheney, supra, adopted a comprehensive test for determining whether the alleged misconduct of a governmental entity was a "discretionary" or an "operational" function. 371 So.2d at 1017-22.
Inasmuch as the opinion in Commercial Carrier/Cheney was handed down during the pendency of this appeal, the trial court has had no opportunity to subject the charges against appellees to the test recommended by that decision. The complaint in the instant proceeding alleges that appellees were negligent in (1) designing and constructing the intersection as a roadway, (2) failing to install adequate traffic control signs and devices, (3) designing, constructing and maintaining confusing traffic control devices at the intersection, and (4) failing to warn motorists that the intersection was hazardous. While it may appear that most, if not all, of the charges are in the discretionary area, we believe that the initial determination of the character of those functions is best made by the trial courts. In that forum additional information necessary to that determination may be presented by amended pleadings or other means.
The order dismissing the action as to appellees is reversed and the case is remanded to the trial court for further proceedings.
HOBSON, Acting C.J., and SCHEB, J., concur.