399 So.2d 1028 (1981)
Mark Bradford INGHAM, Appellant,
v.
STATE of Florida DEPARTMENT OF TRANSPORTATION, et al., Appellees.
No. XX-451.
District Court of Appeal of Florida, First District.
June 5, 1981.
Rehearing Denied July 7, 1981.
*1029 Britt Whitaker, Tampa, for appellant.
Alan E. DeSerio, A.J. Spalla, and H. Reynolds Sampson, Tallahassee, for appellee Dept. of Transportation.
PER CURIAM.
Appellant urges reversal of the trial judge's order dismissing the Department of Transportation as a party defendant in his first amended complaint. We have reviewed that order in the context of the cited cases, together with the other cases bearing on this subject, and conclude that the trial court was correct and quote from the order as follows:
In the case before the Court, the plaintiff alleges that the Department of Transportation was negligent in three respects: First, in constructing State Road S-583 in Hillsborough County with a curve; Second, with respect to the position, shape and size of a median; and, Third, in failing to provide adequate signalization. This Court is of the view that under Ferla[1] and Commercial Carrier,[2] these three activities constitute discretionary policy functions and not operational activity. (footnotes supplied)
AFFIRMED.
MILLS, C.J., and LILES, WOODIE A. (Retired), Associate Judge, concur.
SHAW, J., dissents with opinion.
SHAW, Judge, dissenting.
The majority affirmance is based on the following observation by the trial judge:
In the case before the Court, the plaintiff alleges that the Department of Transportation was negligent in three respects: First, in constructing State Road S-583 in Hillsborough County with a curve; Second, with respect to the position, shape and size of a median; and, Third, in failing to provide adequate signalization. This Court is of the view that under Ferla and Commercial Carrier, these three activities constitute discretionary policy functions and not operational activity.
The first amended complaint alleges that the Department of Transportation negligently constructed, maintained and repaired the intersection so as to constitute a trap and unreasonable threat of harm to persons using the intersecting roads despite a Department engineering study which recommended remedial action designed to correct the dangerous nature of the intersection. The complaint contains specific allegations that the Department negligently constructed and maintained a curve on State Road S-583 which created the illusion that the roadway was continuous and nonintersecting; the Department negligently constructed and maintained a median within said intersection in such a way that the positioning, shape and size of said median created or contributed to the illusion; and the Department negligently maintained the *1030 intersection in a dangerous and unsafe condition by failing to provide adequate signalization. In my opinion, the allegations are sufficient to withstand the Department's motion to dismiss based on the concept of sovereign immunity.
Section 768.28(5), Florida Statutes (1975), provides that "the state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances." The Florida Supreme Court, in Commercial Carrier, supra, pointed out that even in the absence of a "discretionary exception" in the statutes specifying the extent to which sovereign immunity for liability for torts is waived by the state and its agencies or subdivisions, certain policy-making, planning or judgmental governmental functions cannot be the subject of traditional tort liability. The sovereign, in exercising its discretionary authority, should be free from possible allegations of negligence.
In identifying discretionary acts as opposed to operational level functions, the court concluded that the decision must be rendered on a case-by-case basis utilizing the preliminary test iterated in Evangelical United Brethren Church v. State, 67 Wash.2d 246, 407 P.2d 440 (1965). That test involves four preliminary questions: (1) Does the challenged act, omission, or decision necessarily involve a basic governmental policy, program, or objective? (2) Is the questioned act, omission, or decision essential to the realization or accomplishment of that policy, program, or objective as opposed to one which would not change the course or direction of the policy, program, or objective? (3) Does the act, omission, or decision require the exercise of basic policy evaluation, judgment, and expertise on the part of the governmental agency involved? (4) Does the governmental agency involved possess the requisite constitutional, statutory, or lawful authority and duty to do or make the challenged act, omission, or decision? Applying that test in Commercial Carrier, the Florida Supreme Court found that "the maintenance of a traffic signal light which is in place does not fall within that category of governmental activity which involves broad policy or planning decisions. This is operational level activity. So too is the proper maintenance of a traffic sign at an intersection and the proper maintenance of the painted letters `STOP' on the pavement of a highway." The court did not express an opinion with respect to whether liability could be imposed on the governmental bodies involved for failure in the first instance to place traffic control devices at the intersections.
The case under consideration goes further than merely alleging failure to provide adequate signalization. It is coupled with the allegation that the intersection and median were negligently constructed and maintained by the Department. By dismissing the Department as a defendant, the trial court has decided as a matter of law that such alleged negligence is not actionable against the State and its agencies. I do not believe that this comports with the legislative intent for, in the words of the supreme court, it "essentially emasculate[s] the Act and the salutary purpose it was intended to serve." Commercial Carrier, at page 1017.
For the reasons expressed, I would reverse the order dismissing the first amended complaint as to the defendant, Florida Department of Transportation.
NOTES
[1] Ferla v. Metropolitan Dade County, 374 So.2d 64 (Fla.3rd DCA 1979).
[2] Commercial Carrier Corporation v. Indian River County, 371 So.2d 1010 (Fla. 1979).