400 So.2d 799 (1981)
William M. NEILSON, a Minor, Kim L. Neilson, a Minor, Robert F. Neilson, a Minor, by and through Their Father and Next Friend, William E. Neilson, and William E. Neilson, Individually, and Patricia P. Neilson, Appellants,
v.
CITY OF TAMPA, a Municipal Corporation; Harvey Daniel Glisson; Belcher Oil Company, a Florida Corporation; Home Insurance Company, a New York Corporation; Department of Transportation, an Agency of the State of Florida; and Hillsborough County, a Political Subdivision of the State of Florida, Appellees.
Nos. 79-1510, 80-357.
District Court of Appeal of Florida, Second District.
June 19, 1981.
Rehearing Denied July 15, 1981.
*800 Simons & Schlesinger, P.A., Fort Lauderdale and Joel D. Eaton of Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, P.A., Miami, for appellants.
Robert H. Bonanno, Asst. City Atty., Tampa, for appellee City of Tampa.
Alan E. DeSerio, Ella Jane P. Davis, H. Reynolds Sampson and Jay O. Barber, Tallahassee, for appellee Department of Transportation.
Joseph W. Clark, Raymond T. Elligett, Jr. and Charles P. Schropp of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for appellee Hillsborough County.
RYDER, Judge.
The Neilsons appeal from the dismissal of their personal injury complaint against the City of Tampa, Hillsborough County and the Department of Transportation. Appellants allege that the lower court erred in finding the governmental defendants immune from suit in light of the supreme court's opinion in Commercial Carrier Corporation v. Indian River County, 371 So.2d 1010 (Fla. 1979). We agree that defendants are not immune and we reverse.
Appellants' complaint alleged injuries resulting from a vehicular collision. Those counts directed against the governmental defendants alleged that the intersection where the collision occurred was defectively designed, not adequately controlled with traffic control signs, and hazardous to approaching motorists. Appellants alleged that the three governmental entities designed, maintained and constructed the intersection and failed to conform with the State Uniform Traffic Control Ordinances and Regulations.
After dismissal of the complaints, this court remanded for reconsideration in light of the subsequent case of Commercial Carrier, supra. Neilson v. Department of Transportation, 376 So.2d 296 (Fla.2d DCA 1979). The circuit court again dismissed the complaints.
The Florida Supreme Court in Commercial Carrier adopted a test distinguishing between "planning" and "operational" levels of decision making by governmental agencies. Planning decisions remain immune from tort liability because "certain functions of coordinate branches of government may not be subjected to scrutiny by judge or jury as to the wisdom of their performance."
We hold that the negligence alleged below falls under the operational level of decision making. As this court noted in Collum v. City of St. Petersburg, 400 So.2d 507, at 508 (Fla.2d DCA 1981), "once a government decides to act, whether out of obligation or free choice, it must act responsibly and reasonably under the existing circumstances, and in accordance with acceptable standards of care and common sense." Below, once the planning decision was made to intersect the roads, the governmental entities could not negligently design or construct the facility with impunity. Appellees' conceded discretion in planning to build a road does not extend to the actual drawing of the plans and specifications. To hold otherwise would produce a result

*801 so that even though the finished project might be inherently dangerous ... (appellees) could not be liable, because ... (they) "planned" the system that way. The fact of the matter is that a blueprint is not a plan in the sense of the "planning" that is discretionary, and once the "planning" has been done, the plans that are then prepared can indeed give rise to liability. Collum, supra, at 509.
The orders of dismissal are REVERSED and the case REMANDED for further proceedings.
BOARDMAN, Acting C.J., and DANAHY, J., concur.