SHARP, Judge.
Besecker appeals from the dismissal of his amended complaint against Seminole County. He was injured in a collision at an intersection in the County where there were no traffic control signs or devices of any kind. He alleged the County had a duty to inspect, design, and maintain the County’s roads and intersections, and that it knew or should have known the intersection was dangerous because there had previously been a number of near collisions there. Be-secker concluded that the County’s failure to put any kind of traffic control device at the intersection caused the collision in which he was injured. The trial court dismissed the amended complaint on the grounds that Besecker’s suit was barred by sovereign immunity because the County’s alleged failure to act fell within the realm of planning level activities as opposed to the operational level. We affirm.
The determination of this case requires the application of Commercial Carrier Corporation v. Indian River County, 371 So.2d 1010 (Fla.1979) beyond the limits expressly stated by the Florida Supreme Court. In Commercial Carrier, the supreme court declined to consider whether liability can be imposed on governmental bodies for failure to place traffic control devices at an intersection. Other district courts of appeal appear to be reaching different results in answering this question.[1]
In the present ease, the plaintiff did not allege the County designed and built the intersection in a manner to make it hazardous. The plaintiff further failed to allege a sufficient basis to support his legal conclusion that the County knew the intersection was dangerous, thereby making the need to put up some kind of traffic control device so clear that this kind of decision became an operational rather than a planning level decision. See Department of Transportation v. Webb, 409 So.2d 1061 (Fla. 1st DCA 1982). The plaintiff merely alleged there had been “near accidents” at this intersection and that the County had been told (by someone) that a stop sign was needed. Unlike the Webb case, the County had not admitted that the intersection was dangerous and that the installation of a device to protect motorists was required.
AFFIRMED.
ORFINGER, C.J., and FRANK D. UP-CHURCH, Jr., JJ., concur.

. Compare Neilson v. City of Tampa, 400 So.2d 799 (Fla. 2d DCA 1981) (court found complaint which alleged negligence on the part of the city, county and Department of Transportation in maintaining and designing an intersection and in failing to put up an adequate traffic control device stated a cause of action) with Ingham v. State Dep’t. of Transp., 399 So.2d 1028 (Fla. 1st DCA 1981) (majority held the trial court properly dismissed the complaint, which alleged the Department of Transportation was negligent in constructing the road, placing and designing the median, and failing to provide adequate signals, because such activities are discretionary policy functions).