419 So.2d 1081 (1982)
Mark Bradford INGHAM, Petitioner,
v.
STATE of Florida, DEPARTMENT OF TRANSPORTATION, et al., Respondents.
No. 60994.
Supreme Court of Florida.
September 14, 1982.
*1082 Britt Whitaker, Tampa, for petitioner.
Alan E. DeSerio, Appellate Atty., A.J. Spalla, Trial Atty., and John H. Beck, Gen. Counsel, Dept. of Transp., Tallahassee, for respondents.
OVERTON, Justice.
This is a petition to review the decision of the First District Court of Appeal reported as Ingham v. Department of Transportation, 399 So.2d 1028 (Fla. 1st DCA 1981). The case concerns the alleged negligence of a governmental entity in constructing a road with a curve, in determining the position, shape and size of a median, and in failing to provide adequate traffic signals. This decision requires a determination of whether this conduct constitutes an "operational-level" or a "judgmental, planning-level" governmental function as set out in Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979), and Department of Transportation v. Neilson, 419 So.2d 1071 (Fla. 1982). There is direct conflict with Neilson v. City of Tampa, 400 So.2d 799 (Fla.2d DCA 1981). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We approve the district court's decision. We hold that the alleged defects in the construction of the road, the median, and the intersection, if in fact they are defects, are defects inherent in the overall plan of the road. Neither these alleged defects nor the failure to install additional traffic control devices is actionable because each is a judgmental, planning-level function to which absolute immunity attaches. Department of Transportation v. Neilson.
It is so ordered.
ALDERMAN, C.J., and BOYD and McDONALD, JJ., concur.
ADKINS and EHRLICH, JJ., dissent.
SUNDBERG, Justice, dissenting:
I dissent for the reasons expressed in my dissent in Department of Transportation v. Neilson, 419 So.2d 1071 (Fla. 1982).