GLICKSTEIN, Judge.
The appellant/wife, together with her dentist husband, brought an action against the appellee/oral surgeon and his professional association for extracting the wife’s wrong tooth — the upper right second molar. The appellees did not counterclaim for contribution against the dentist/husband but raised the affirmative defense of comparative negligence in their answer, as to both plaintiffs. At trial, on special interrogatory verdict, the jury determined the appellee oral surgeon’s percentage of negligence to be 10%; the wife’s, to be 35%; and the husband’s, to be 55%. It awarded $20,000 in damages to the wife and $10,000 in damages to the husband. The trial court reduced the wife’s damages to $2,000, based on the foregoing percentage of the oral surgeon’s negligence, rather than to $13,-000, based on the wife’s being free of negligence to the extent of 65%.[1] Both parties agree it was error so to reduce the wife’s award; and we so find. See Moore v. St. Cloud, 337 So.2d 982 (Fla. 4th DCA 1976). Therefore we reverse and remand.
Although not part of the record, the parties have indicated that there was a post-trial motion for contribution filed with the trial court. It is unclear whether the trial court considered the motion in view of its reduction of the wife’s damages based on the percentage of the oral surgeon’s negligence. On remand the trial court may consider the appropriateness of such motion, about which we express no opinion, should it not have heretofore done so and denied same by appealable order.
DOWNEY and BERANEK, JJ., concur.

. The reduction of the husband’s award is not questioned on appeal.