438 So.2d 780 (1983)
DEPARTMENT OF TRANSPORTATION, Petitioner,
v.
Sheila WEBB, et al., Respondents.
No. 61908.
Supreme Court of Florida.
September 1, 1983.
Rehearing Denied November 8, 1983.
Alan E. DeSerio, James W. Anderson and John H. Beck, Gen. Counsel, Dept. of Transp., Tallahassee, for petitioner.
Stanley Bruce Powell of Powell, Powell & Powell, Niceville, for Sheila Webb and Linda Strong.
Paul Bernardini of LaRue & Bernardini, Daytona Beach, and Cynthia S. Tunnicliff of Macfarlane, Ferguson, Allison & Kelly, Tallahassee, for Evelyn Grant.
OVERTON, Justice.
This is a petition to review a decision of the First District Court of Appeal reported as Department of Transportation v. Webb, 409 So.2d 1061 (Fla. 1st DCA 1981). We find conflict with Department of Transportation v. Neilson, 419 So.2d 1071 (Fla. 1982), and City of St. Petersburg v. Collom, 419 So.2d 1082 (Fla. 1982), because the district court opinion appears to hold that the failure to upgrade a railroad intersection and the failure to install traffic control devices are operational-level functions *781 which are not immune from suit under Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979). This holding would be incorrect under our decision in Neilson. The district court opinion also reflects that the failure to place warning signs at a railroad crossing which is known to be dangerous and the failure to maintain the railroad crossing are operational-level functions and constitute negligent, tortious conduct, immunity to which is waived by section 768.28, Florida Statutes (1977). This portion of the district court's holding is consistent with our opinions in Commercial Carrier, Neilson, and Ralph v. City of Daytona Beach, No. 62,094 (Fla. Feb. 17, 1983).
We approve the result reached by the district court because this case was presented to the jury on the issue of the petitioner's negligent failure to maintain the railroad crossing and failure to warn motorists of a known dangerous condition. We note that the district court relied in part on the broad language defining "planning" in Collom v. City of St. Petersburg, 400 So.2d 507 (Fla. 2d DCA 1981), which we modified in City of St. Petersburg v. Collom, 419 So.2d 1082 (Fla. 1982).
As modified, we approve the decision of the district court.
It is so ordered.
ALDERMAN, C.J., and BOYD and McDONALD, JJ., concur.
ADKINS and EHRLICH, JJ., concur in result only.
SHAW, J., concurs specially with an opinion.
SHAW, Justice, specially concurring.
I concur in the result but do not agree that "the district court opinion appears to hold that the failure to upgrade a railroad intersection and the failure to install traffic control devices are operational-level functions which are not immune from suit under Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979)." As I read the opinion, the district court held that DOT could not claim immunity under the label of "planning function" when, prior to the accident, DOT knew that the installed traffic control devices created an admittedly dangerous railroad crossing. On the facts of the case, the district court was simply rejecting the argument that everything is planned, therefore, everything is immune. As the district court put it, "this analysis is unhelpful because every operational activity undertaken by DOT must at some point entail planning, which would cloak the department in absolute immunity." Department of Transportation v. Webb, 409 So.2d 1061, 1064 (Fla. 1st DCA 1982). See also Foley v. State Department of Transportation, 422 So.2d 978 (Fla. 1st DCA 1982), on this point of law, which rejected the same argument in another factual context.