470 So.2d 788 (1985)
GENERAL DYNAMICS CORPORATION, and Tempco Hydraulics, Inc., Appellants/Cross Appellees,
v.
WRIGHT AIRLINES, INC., Appellee/Cross Appellant.
Nos. 83-2486, 83-2581 and 83-2596.
District Court of Appeal of Florida, Third District.
June 11, 1985.
*789 Barwick & Dillian and Andre R. Fournier and Lyndall M. Lambert, Miami Shores, for General Dynamics Corp.
Kimbrell, Hamann, Jennings, Womack, Carlson & Kniskern and Thomas E. Scott and Joanne V. Kacin and Roy Wasson, Miami, for Tempco Hydraulics, Inc.
Walsh, Theissen & Boyd and Gilbert E. Theissen, Fort Lauderdale, for Wright Airlines.
Before BARKDULL, HUBBART and PEARSON, JJ.
PER CURIAM.
This is an appeal and cross appeal from a final judgment and cost judgment entered in favor of the plaintiff after a jury trial in a products liability action. For the reasons which follow, we affirm on the main appeal and reverse on the cross appeal.
The defendant General Dynamics Corporation [General Dynamics] appeals the final judgment and cost judgment entered herein and as its central point argues that the trial court erred in denying its motion for directed verdict and post-trial motion for a judgment n.o.v. We find no merit in this point for two reasons. First, the issue has not been properly preserved for appellate review as to the negligence count and is moot as to the strict liability in tort count. General Dynamics moved for a directed verdict at trial solely as to the strict liability in tort count, and not as to the negligence count, which motion was denied, and the jury by special verdict found for the plaintiff on both counts. (a) It follows, then, that General Dynamics may not now complain about the failure to direct a verdict at trial on the negligence count as no such motion was ever made; nor may it complain about the denial of its motion for judgment n.o.v. on the negligence count because the motion did not lie in view of the failure to move for a directed verdict on this count at trial. 6551 Collins Ave. Corp. v. Millen, 104 So.2d 337 (Fla. 1958); Laird v. Potter, 367 So.2d 642 (Fla. 3d DCA), cert. denied, 378 So.2d 347 (Fla. 1979). (b) It also follows that, inasmuch as the judgment appealed from is based on both the negligence and the strict liability in tort counts and the judgment cannot be attacked as being improperly based on the negligence count, it is entirely moot, for purposes of this appeal, whether the trial court erred in denying General Dynamics' motion for directed verdict and judgment n.o.v. on the strict liability in tort count. Second, the cause was properly submitted to the jury, in any event, on both the negligence and strict liability in tort counts. We are not persuaded by any of General Dynamics' arguments to the contrary and reject them as having no merit.[1] We further find no merit in the balance of General Dynamics' points on appeal and affirm on the main appeal filed herein.
We turn now to the cross appeals filed by the plaintiff Wright Airlines, Inc. [Wright] and the co-defendant Tempco Hydraulics, Inc. [Tempco]. These parties attack the final judgment insofar as it apportions the damages awarded between the defendant General Dynamics and the co-defendant Tempco in accord with the jury's special verdict findings apportioning fault. We agree and reverse for two reasons. First, no contribution claim was filed in this case and we are unaware of any authority which allows a trial court, in the absence of *790 a contribution claim, to apportion damages between two defendants, as here, in accord with the degrees of fault found by the jury against each defendant. Second, we think the doctrine of joint and several liability applies to this case. General Dynamics has been found liable on the tort claims of negligence and strict liability in tort for supplying a defective part to the plaintiff's aircraft; Tempco has been found liable on the hybrid tort-contract claim of negligently failing to discover the aforesaid defect as required by its contract with the plaintiff; and the plaintiff has sustained a single indivisible property damage as a result of the defendants' combined fault. Under these circumstances, both General Dynamics and Tempco are jointly and severally liable to the plaintiff for the property damage sustained in this case. See Coons v. Washington Mirror Works, Inc., 344 F. Supp. 653 (S.D.N.Y. 1972), modified on other grounds, 477 F.2d 864 (2d Cir.1973); Celotex Corp. v. Campbell Roofing & Metal Works, 352 So.2d 1316 (Miss. 1977); 8 S. Williston, Law of Contracts § 970, at 486 (3d ed. 1964).
The final judgment and cost judgment under review are affirmed as to the defendant General Dynamics' main appeal. The final judgment under review is reversed as to the cross appeals by the plaintiff Wright and the co-defendant Tempco and the cause is remanded to the trial court with directions to enter a final judgment in the full amount of the damages awarded by the jury against both the defendant General Dynamics and the co-defendant Tempco, jointly and severally. The cost judgment is also reversed as to the plaintiff Wright's cross appeal and Tempco's companion appeal and the cause is remanded to the trial court with directions to enter a cost judgment for the full amount of the taxable costs against both the defendant General Dynamics and the defendant Tempco, jointly and severally.
Affirmed in part; reversed in part and remanded.
NOTES
[1] See, e.g., Hart Eng'g Co. v. FMC Corp., 593 F. Supp. 1471, 1482-84 (D.R.I. 1984); Cloud v. Kit Mfg. Co., 563 P.2d 248 (Alaska 1977); Star Furniture Co. v. Pulaski Furniture Co., 297 S.E.2d 854, 858 (W. Va. 1982); W. Prosser, Law of Torts § 101, at 665 (4th ed. 1971). In particular, we conclude that G.A.F. Corp. v. Zack Co., 445 So.2d 350 (Fla. 3d DCA), pet. for review denied, 453 So.2d 45 (Fla. 1984) is inapplicable here because that case did not involve a cognizable property damage claim, unlike the instant case. We likewise conclude that Cedars of Lebanon Hosp. Corp. v. European X-Ray Distrib. of America, Inc., 444 So.2d 1068 (Fla. 3d DCA 1984), is inapplicable here because the property damage sustained in that case was not the product of a sudden calamitous event, as is true of the property damage sustained in the instant case.