489 So.2d 61 (1986)
WALT DISNEY WORLD CO. and Insurance Company of North America, Appellants/Cross Appellees,
v.
Aloysia WOOD and Daniel S. Wood, Appellees/Cross Appellants.
No. 84-2428.
District Court of Appeal of Florida, Fourth District.
April 9, 1986.
Thomas B. DeWolf, John L. O'Donnell, Jr., and John H. Ward, of DeWolf, Ward & Morris, P.A., Orlando, for appellants/cross appellees.
Joel D. Eaton of Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, P.A., Miami, and Sheldon J. Schlesinger, P.A., Fort Lauderdale, for appellees/cross appellants.
DuBose Ausley, William M. Smith and Timothy B. Elliott of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, Amicus Curiae, for Florida R.R. Ass'n.
Marjorie Gadarian Graham of Jones & Foster, P.A., West Palm Beach, Amicus Curiae, for Florida Defense Lawyers' Ass'n.
LETTS, Judge.
The plaintiff was injured at Disney World while driving a bumper car at an *62 amusement "grand prix" attraction which simulated automobile racing. In particular, she was bumped into by her fiance, likewise driving in the "race" in another car. The jury returned a verdict finding the plaintiff fourteen percent at fault, her fiance eighty-five percent at fault and Disney World only one percent at fault. The trial judge entered judgment against Disney World and the insurance company for eighty-six percent of the damages. We affirm.
On appeal, Disney argues that the doctrine of joint and several liability ought to be abolished because the reasons for it "have all evaporated" and also contends there is no controlling precedent that requires affirmance. We cannot agree. Our Supreme Court held in Lincenberg v. Issen, 318 So.2d 386 (Fla. 1975), that "multi-party defendants will remain jointly and severally liable." This court followed suit in Moore v. St. Cloud Utilities, 337 So.2d 982 (Fla. 4th DCA 1976), cert. denied, 337 So.2d 809 [see also Sundstrom v. Grover, 423 So.2d 637 (Fla. 4th DCA 1982)], as did the First District in Department of Transportation v. Webb, 409 So.2d 1061 (Fla. 1st DCA 1981), approved as modified, 438 So.2d 780 (Fla. 1983). Likewise, the Third District opined that the "doctrine of joint and several liability applies" to multi-defendants. See General Dynamics Corp. v. Wright Airlines, Inc., 470 So.2d 788 (Fla. 3d DCA 1985). Finally, the Supreme Court in Woods v. Withrow, 413 So.2d 1179 (Fla. 1982), repeated that "we fully retain the doctrine of joint and several liability." Id. at 1182 n. 3. In the face of all these recent court pronouncements, it is obvious that the doctrine of joint and several liability among codefendants is alive, well and binding upon this court. A codefendant must resort to contribution among joint tortfeasors under section 768.31, Florida Statutes, in order to obtain relief. If the codefendant is judgment proof, then under existing law the solvent defendant must pay it all.
We are not unaware of Disney's arguments that Florida's adoption of the doctrine of comparative negligence in Hoffman v. Jones, 280 So.2d 431 (Fla. 1973), has rendered the continuation of the doctrine of joint and several liability outmoded and unfair. In recent years, fourteen states have limited or abolished the doctrine of joint and several liability. See Granelli, "The Attack on Joint and Several Liability," 71 ABA Journal 61 (July 1985). Legislation to do so is pending in California and New York, home of the nation's largest personal injury verdicts.
There are several policy considerations debated in the briefs as to why joint and several liability should or should not be eliminated. The crux of the debate is whether the "innocent" plaintiff or the "innocent" defendant should bear the burden of an uncollectible judgment. As James Frayne, Executive Director of the California Trial Lawyers Association remarked: "Who should suffer, the innocent victim or one of the wrongdoers who can afford to pay?" 71 ABA Journal 61. The contra view is expressed in a New Mexico case: "Between one plaintiff and one defendant the plaintiff bears the risk of the defendant being insolvent; on what basis does the risk shift if there are two defendants and one is insolvent?" Bartlett v. New Mexico Welding Supply, Inc., 98 N.M. 152, 646 P.2d 579 (Ct.App. 1982), cert. denied, 98 N.M. 336, 648 P.2d 794 (1982). The answer to these poignant questions is primarily in the hands of the legislature. Alternatively, they might be answered by our Supreme Court. Certainly, it is not our province to provide any new solution.
We are conscious that the problem is one of extraordinary public importance and we are also conscious that the controlling case out of our Supreme Court, Lincenberg v. Issen, involved a plaintiff who was entirely blameless, whereas the plaintiff at bar is not without fault.[1] Accordingly, *63 we hereby certify the following question to the Supreme Court:
DOES THE HOLDING IN LINCENBERG v. ISSEN DICTATE AN AFFIRMANCE OF THE TRIAL COURT'S DECISION IN THIS CASE?
AFFIRMED.
DELL and WALDEN, JJ., concur.
NOTES
[1] Lincenberg was also discussing an outmoded version of section 768.31, Florida Statutes. The current statute permits allocation of liability based on relative degrees of fault. § 768.31(3)(a). Its predecessor did not allow such consideration.