497 So.2d 678 (1986)
STATE of Florida DEPARTMENT OF TRANSPORTATION, Appellant,
v.
James Warren BROWN, Appellee.
No. 85-1177.
District Court of Appeal of Florida, Fourth District.
October 22, 1986.
Rehearing Denied December 3, 1986.
*679 Reid & Ricca, P.A., and Jane Kreusler-Walsh and Larry Klein of Klein & Beranek, P.A., West Palm Beach, for appellant.
Gary M. Farmer, of Gary M. Farmer, P.A., Fort Lauderdale, for appellee.
HERSEY, Chief Judge.
This is an appeal from a final judgment (entered in accordance with a jury verdict) awarding $300,000 in damages to the plaintiff below, James Warren Brown, and from an order awarding costs to Brown. Appellant's position on appeal is that the trial court erred in failing to direct a verdict in its favor. We affirm both the final judgment and cost award.
Brown sued the Department of Transportation (DOT) in connection with a traffic accident which occurred on January 18, 1981, in Broward County at the intersection of Burris Road and the State Road 84 spur road which leads to the entrance to the Florida Turnpike. The intersection is located just east of the turnpike toll plaza. As Brown entered the intersection on his motorcycle, proceeding westbound just behind a vehicle entering from another westbound approach, an eastbound car driven by Paul Donadio made a left turn onto Burris Road directly in front of Brown. Brown collided with Donadio's vehicle, sustaining serious personal injuries.
We think there is ample evidence in the record to support a finding that on the date of the accident in question substantial hazards to drivers were created by this intersection's highly unusual configuration. Specifically, the intersection's design made it necessary for drivers to look in different directions at the same time as they entered it; westbound traffic from two approaches was required to merge in the middle of the intersection in order to proceed in a single lane on the west side of the intersection; and traffic coming over a bridge directly east of the intersection created a "blind spot," obscuring a motorcycle in Brown's position from the view of a driver in Donadio's position, and vice-versa. Further, the record shows that DOT was aware of the extremely hazardous nature of this intersection as early as January 1974  seven years prior to Brown's accident  and that it received numerous reports throughout the late 1970s regarding the need to correct the hazardous conditions; yet DOT took no action in the interim either to correct the problems or to warn drivers using this intersection.
We recognize that at the time of trial DOT was protected from liability with regard *680 to its design of the intersection, as well as for its failure to correct the situation by installing traffic control devices or by changing the intersection's configuration, because these are planning-level decisions for which governmental entities in the past were granted absolute immunity from liability. Dept. of Transportation v. Webb, 438 So.2d 780 (Fla. 1983); Perez v. Dept. of Transportation, 435 So.2d 830 (Fla. 1983); Dept. of Transportation v. Neilson, 419 So.2d 1071 (Fla. 1982). Recently, however, the Florida Supreme Court held in Avallone v. Board of County Commissioners of Citrus County, 493 So.2d 1002 (Fla. 1986), that a governmental entity has no immunity to the extent of applicable liability insurance; in this case $500,000. We have considered appellee's contention that Avallone provides a basis for affirming the trial court's judgment, and conclude that it does not in the posture that the case has been presented for review, since the question of appellant's liability for planning-level decisions was never determined at the trial level. (We note that there is no question that the intersection's design made it extremely hazardous; but it does not necessarily follow that either the original design or failure to take corrective action were due to DOT's negligence, and we hesitate to make such a determination in the absence of a factual finding below.) However, since we find that the ground raised at trial (duty to warn) provides a sufficient basis for affirmance of the judgment, we deem it unnecessary to determine whether the case should be remanded for a new trial on the question of appellant's liability at the planning level.
Where DOT knows of a dangerous condition it has created at an intersection, which is not readily apparent to persons using the intersection, it has an operational-level duty to warn of the danger and may be subject to liability for injuries where it fails to provide an appropriate warning. Payne v. Broward County, 461 So.2d 63 (Fla. 1984); Webb, 438 So.2d at 780; City of St. Petersburg v. Collom, 419 So.2d 1082 (Fla. 1982). The issue presented in this case is whether the evidence adduced at trial supports a finding that DOT had a duty to warn Brown of the hazardous nature of the Burris-Spur intersection.
We reject DOT's initial assertion that its design of the intersection was not the cause of the hazards posed to drivers. DOT also contends that the danger was not hidden but was readily apparent to both Brown and Donadio, since they had traveled through the intersection many times before and were familiar with its layout.
We see this latter contention as a question of proximate cause. DOT's position is that its failure to warn these drivers could not have contributed to the accident because warning Brown and Donadio of something they already knew would have had no effect one way or the other on whether an accident would occur. We conclude, however, that, as to Brown, DOT's position is not supported by the evidence. Although the record shows that Brown knew the layout of the intersection, there is no evidence that he was aware of the particular hazards created by the layout, or even that he knew the intersection's configuration created any type of unusually dangerous condition. Brown's familiarity was primarily with north-south travel on Burris; he had traveled the route which he took the day of the accident only a few times before. Finally, there was expert testimony that a driver might be thoroughly familiar with the intersection but still not appreciate the danger it presented unless he was warned in some manner, and that appropriate warnings would have prevented this accident.
In conclusion, we hold that the evidence supports a finding that DOT had a duty to warn Brown, and that its breach of that duty was, at a minimum, a contributing cause of the accident. Therefore, the trial court did not err in failing to direct a verdict in favor of DOT. Accordingly, we *681 affirm both the final judgment and order awarding costs.
AFFIRMED.
ANSTEAD and DELL, JJ., concur.