505 So.2d 566 (1987)
Evelyn STARK, As Personal Representative of the Estate of Steven Aric Stark, Deceased, Appellant,
v.
BAILEY DRAINAGE DISTRICT, a Political Subdivision of the State of Florida and Broward County, Florida, a Political Subdivision of the State of Florida, Appellees.
No. 4-86-0841.
District Court of Appeal of Florida, Fourth District.
April 8, 1987.
Rehearing Denied May 4, 1987.
Michael D. Stewart of Michael D. Stewart, P.A., Fort Lauderdale, for appellant.
Harry S. Raleigh, Jr., and Bryan Duke of McCune, Hiaasen, Crum, Ferris & Gardner, P.A., Fort Lauderdale, for appellee-Bailey Drainage Dist.
Susan F. Delegal, Alexander Cocalis, and Catherine Brown, Fort Lauderdale, for appellee-Broward County.
*567 ANSTEAD, Judge.
In this action for wrongful death, the trial court entered a summary final judgment in favor of appellees, both governmental bodies, on the grounds that an action against them for maintaining a known dangerous intersection without warning signs was barred by the doctrine of sovereign immunity. We reverse but certify an issue of great public importance.
In Department of Transportation v. Neilson, 419 So.2d 1071 (Fla. 1982) the supreme court held that governmental decisions relating to the installation of appropriate traffic control methods and devices at intersections fall in the category of discretionary, planning-level decisions immune as a matter of law from tort liability. However, the opinion also holds that if the Neilson complaint had alleged "a known trap or dangerous condition for which there was no proper warning, such an allegation would have stated a cause of action." Id. at 1078. Indeed, the Neilson court directed the trial court to give the Neilsons an opportunity to amend their complaint to add such allegations. In Department of Transportation v. Webb, 438 So.2d 780 (Fla. 1983) a judgment against the Department was approved for "the failure to place warning signs at a railroad crossing which is known to be dangerous... ." Id. at 781. In Payne v. Broward County, 461 So.2d 63 (Fla. 1984), while upholding a decision for the county on the facts, the court noted that although the decision to install traffic control devices is immune, that "decision carries with it the concomitant duty to warn ... if the absence of such traffic light creates a trap or known danger not readily apparent to persons in or about the intersection." Id. at 66. Also see Department of Transportation v. Brown, 497 So.2d 678 (Fla. 4th DCA 1986).
The appellant asserts that the appellees actually knew this unmarked intersection was dangerous because two similar accidents happened before Steven Stark was killed and numerous complaints were made to the appellees about other near-accidents. There is also evidence in the record that the visibility of motorists approaching the intersection was impaired by reason of the growth of vegetation in the right-of-way, vegetation that had been trimmed and maintained by one of the governmental entities in the past. Notwithstanding their knowledge of the actual danger posed by the intersection, the governmental entities failed to warn motorists of the danger. Hence, as required by Neilson, there is proof that a known dangerous condition was maintained by appellees without proper warnings, thereby precluding summary judgment in the appellees' favor.
We admit to some difficulty in discerning the difference between an intersection that may be dangerous because it lacks any traffic signs, such as a sign warning that a motorist should proceed with caution because the intersection is uncontrolled and unmarked, and a "dangerous condition for which there was no proper warning." The Neilson opinion suggests that sovereign immunity bars an action for the former situation while permitting one for the latter. It is difficult to see the rationale for holding the government responsible when it fails to warn of an intersection made dangerous by the absence of a stop sign, while immunizing it from liability for failing to place a stop sign at an intersection that will be unsafe without it. In our view, a good argument could be made that a modern road intersection unmarked with warning signs or traffic control devices of any kind is a dangerous condition per se given the recognized status of a motor vehicle as a dangerous instrumentality. Motorists traversing such intersections do so at their peril.
Because of our concerns, while we reverse on the authority of Neilson, we certify the following question to the supreme court as an issue of great public importance:
DOES SOVEREIGN IMMUNITY BAR AN ACTION AGAINST A GOVERNMENTAL ENTITY FOR FAILING TO WARN MOTORISTS OF AN INTERSECTION KNOWN BY THE GOVERNMENT TO BE DANGEROUS BY REASON OF THE LACK OF TRAFFIC CONTROL DEVICES AND OBSTRUCTIONS TO VISIBILITY LOCATED ON THE RIGHT-OF-WAY?
*568 DOWNEY, J., concurs.
DELL, J., concurs specially with opinion.
DELL, Judge, specially concurring:
I concur with the majority in its decision to reverse the summary judgment entered in favor of appellees because a genuine issue of material fact exists as to their failure to maintain the right-of-way adjacent to the intersection. However, the issues of liability should be limited to whether either or both appellees failed to properly maintain the intersection and whether the failure to maintain the intersection created a trap or known dangerous condition resulting in a duty to afford proper warnings of the condition. While the record contains evidence of two previous accidents, I do not find evidence that relates the growth of vegetation in the right-of-way to the cause of the prior accidents. Therefore, as a prerequisite to proving that appellees maintained a known dangerous condition without proper warnings, appellant should be held to the burden of proving the causal relationship to this accident as well as to the two prior accidents.