SUNDBERG, Justice.
This case comes to us on direct appeal from a summary judgment entered by the Circuit Court of the Seventh Judicial Circuit for St. Johns County, Florida, construing article VIII, section 6 of the Florida Constitution. We have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution.
Appellant, a citizen and taxpayer of St. Johns County, brought this action to have declared illegal and void a contract awarded by appellee St. Johns County, a non-charter county, to appellee Flagler Hospital, Inc., a nonprofit corporation. Under the contract, Flagler Hospital was to furnish county-wide rescue and ambulance services for St. Johns County. Appellant also sought to enjoin permanently the performance of the contract and the payment of any public monies under the contract, and demanded an accounting and repayment of monies already disbursed under the contract. Appellant contended that the contract between St. Johns County and Flagler Hospital was illegal and void because St. Johns County had failed to submit the contract to competitive bidding pursuant to the provisions of a local law relating to St. Johns County, chapter 65-2173, section 1, Laws of Florida, which provides:
The Board of County Commissioners of St. Johns County, Florida, shall not let any contract for the working of any road or street, the construction or building of *1278 any bridge, the erecting or building of any house, nor shall any goods, supplies or materials for county purposes or use be purchased when the amount to be paid therefor by the county shall exceed $3,000.00, unless notice thereof shall be advertised once each week for at least two weeks in some newspaper of general circulation in the county, calling for bids upon the work to be done or for goods, supplies or materials to be purchased by the county, and in each such case the bid of the lowest responsible bidder shall be accepted, the availability of service and equipment to be considered in such acceptance, unless the county rejects all bids because the same are too high.
Appellee St. Johns County admitted that the contract for ambulance service had been entered into without competitive bidding, but asserted the following as affirmative defenses: (1) That the Board of County Commissioners properly acted pursuant to St. Johns County Ordinance 77-10 (April 26, 1977), which authorizes the Board “to provide for rescue and ambulance service in said county, and to appropriate, in its discretion, necessary funds for such purposes, and to contract with or without competitive bidding with any municipality, person or other entity on such basis as it may deem fair and equitable.” (2) That the Board of County Commissioners validly amended chapter 65-2173, section 1, Laws of Florida, pursuant to article VIII, section 6(d), Florida Constitution, through St. Johns Ordinance 77-7 (April 12, 1977), which authorizes the Board to “purchase fire fighting equipment, equipment to assist in the fighting, control or prevention of fires, and/or emergency rescue equipment, at a cost greater than $3,000 without the advertisement or bids required above.” (3) That the contract is a contract for services which does not require compliance with the bid requirements of chapter 65-2173, section 1, Laws of Florida. (4) That in accordance with section 125.38, Florida Statutes, the Board of County Commissioners may lease personal property to Flagler Hospital, a nonprofit corporation, for such price as the Board of County Commissioners may fix, provided that the property is used in the community interest and welfare.
Finding there to be no genuine issue of material fact, the circuit court entered summary judgment denying appellant’s claim for relief. The court found (1) that under the home rule provisions of article VIII, section 6, of the Florida Constitution, St. Johns County may amend chapter 65-2173, Laws of Florida, by local ordinance, and (2) that the contract for ambulance service between St. Johns County and Flagler Hospital is a valid contract not requiring competitive bidding and is in accord with local ordinance 77-10 of St. Johns County.[1]
Appellant argues on appeal that the trial court misconstrued article VIII, section 6(d) of the Florida Constitution, since the constitutional provision grants a non-charter county the power to amend a local law which relates only to the unincorporated areas of a county and the local law, chapter 65-2173, is by its terms applicable to all of St. Johns County. Appellant then contends that because the county is required under the disputed contract to furnish the hospital with such vehicles and equipment as might be needed for future operations, the contract involved the purchase .of items listed in chapter 65-2173, and, consequently, was subject to its bidding requirements. We agree with appellant’s first point on appeal but disagree with her second.
Article VIII, section 6(d), provides: “Local laws relating only to unincorporated areas of a county on the effective date of this article may be amended or repealed by county ordinance.” Although the local law at issue here, chapter 65-2173, did exist at the time the constitution was adopted in 1968, nothing in the statutory language, quoted above, suggests that it is to be limit *1279 ed in its operation to the unincorporated areas of the county. Hence, the Board of County Commissioners was, contrary to the ruling of the trial court, without power to amend the local law by ordinance or otherwise. See Davis v. Gronemeyer, 251 So.2d 1 (Fla. 1971). Since ordinance 77-7 purports to amend chapter 65-2173 by permitting the purchase of rescue and fire-fighting equipment in an amount in excess of $3,000 without competitive bidding, it is invalid.
We affirm, however, the remainder of the summary judgment upholding the validity of the contract between appellees St. Johns County and Flagler Hospital. Chapter 65-2173 mandates bidding upon contracts exceeding $3,000 “for the working of any road or street, the construction or building of any bridge, the erecting or building of any house, ... [or the purchase of] any goods, supplies or materials for county purposes.” It is apparent from the language that chapter 65-2173 does not purport to regulate the manner in which a county contracts for the provision of county rescue and ambulance services. Appellant, however, argues that the contract calls for the county to purchase such rescue vehicles and equipment as are needed for the hospital’s rescue operations, thus involving the purchase of goods, supplies or materials for county purposes under chapter 65-2173. In support of her argument, appellant cites paragraphs 9, 10, and 12 of the contract which state:
9) The County agrees to furnish to the Contractor for its use all presently-owned rescue vehicles and its present radio equipment and such other medical and related supplies as are presently utilized by the County Rescue Service, as well as such other vehicles and/or equipment which are presently on order or required for future operations as agreed to by the parties.
10) The County agrees to continue to provide, if legally possible, at County prices, fuel, tires, batteries, repair services and supplies necessary to maintain the County-owned rescue vehicles, etc.
12) The County agrees to provide to Contractor all non-expendable items and equipment which shall be required from time to time, as determined by mutual agreement of the parties.
We do not read these contractual provisions as prescribing the manner in which the county is to obtain the mentioned vehicles, equipment and supplies in carrying out its contractual obligations to the hospital. Nor do these or other provisions of the contract attempt to absolve the county from compliance with the bidding requirements of chapter 65-2173 in making its purchases of the listed items. Accordingly, we hold that the disputed contract is not in conflict with chapter 65-2173.
We affirm in part and reverse in part and remand this case to the Circuit Court for St. Johns County for proceedings not inconsistent with this decision.
It is so ordered.
ADKINS, BOYD and McDONALD, JJ., concur.
ALDERMAN, J., dissents with an opinion, with which ENGLAND, C. J., and OVERTON, J., concur.

. The circuit court also found that the contract was not void for alleged failure to comply with the county’s purchasing policy manual on the basis it had never been adopted by the Board of County Commissioners and, therefore, was not binding on its actions. Appellant does not challenge this finding on appeal.