400 So.2d 841 (1981)
Lula Mae MATHEWS, As Personal Representative of the Estate of Kasandra Anitra Swain, Deceased, Appellant,
v.
CITY OF ST. PETERSBURG, FLORIDA, a Municipal Corporation, Appellee.
No. 80-1379.
District Court of Appeal of Florida, Second District.
July 8, 1981.
Garold L. Morlan, Tampa, for appellant.
Michael S. Davis, Chief Asst. City Atty., St. Petersburg, for appellee.
BOARDMAN, Judge.
Lula Mae Mathews, as personal representative of the estate of Kasandra Anitra Swain, deceased, appeals the dismissal of her complaint for wrongful death against the City of St. Petersburg. We reverse.
The complaint alleged that the deceased (appellant's daughter), a twenty-month-old child, fell into Booker Creek while playing in a nearby park, that she sustained injuries in this fall which resulted in her death approximately a month later; that the sides of the creek had been encased in concrete by the city so that the banks were vertical; that this encasement rendered escape by a child impossible and seriously impeded rescue; and that although a series of holes had been drilled along the top edges of the encasement in such a manner that they would support a fence or other barrier, no fence or barrier had been installed along the creek to prevent children from falling *842 into or gaining access to the creek, notwithstanding the city's knowledge that children frequently play in the park in close proximity to the creek.
The city moved to dismiss the complaint. The trial court granted the motion with leave to amend, ruling that the city's decisions to encase the creek with vertical concrete sides and not to install fences or barriers along the sides of the creek were discretionary, planning level, rather than operational level, decisions within the meaning of Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979). When appellant waived her right to amend, the trial court granted the city's motion to dismiss the complaint with prejudice. This appeal followed timely.
Commercial Carrier held that governmental planning level decisions remain immune from tort liability, notwithstanding the waiver of sovereign immunity contained in section 768.28, Florida Statutes (1979), "because certain functions of coordinate branches of government may not be subjected to scrutiny by judge or jury as to the wisdom of their performance." Id. at 1022. However, this court explained in Collom v. City of St. Petersburg, 400 So.2d 507 (Fla. 2d DCA 1981), that although the initial decision to act may be purely discretionary, "once a government decides to act, whether out of obligation or free choice, it must act responsibly and reasonably under the existing circumstances, and in accordance with acceptable standards of care and common sense." At p. ____.
Neilson v. City of Tampa, 400 So.2d 799 (Fla.2d DCA 1981), is analogous to the case now before us. There the plaintiffs alleged that the intersection at which they were injured in an automobile accident was defectively designed and hazardous to motorists. The trial court dismissed the complaint, but this court reversed, holding: "[O]nce the planning decision was made to intersect the roads, the governmental entities could not negligently design or construct the facility with impunity." At p. 800.
That principle applies here. While the city had the discretion to decide whether to alter the natural state of Booker Creek, once it decided to do so, the alterations had to be designed and performed in a reasonable manner. Collom v. City of St. Petersburg, supra. We therefore conclude that appellant had stated a cause of action for negligence against the city, and this case must be remanded for a determination as to whether the city's concrete encasement of the sides of Booker Creek, coupled with its failure to then erect a barrier or fence along the banks, was, in fact, dangerous and did, in fact, proximately cause or contribute to the death of appellant's child. Id.
Accordingly, the order granting the city's motion to dismiss is REVERSED and the case REMANDED.
HOBSON, Acting C.J., and OTT, JJ., concur.