404 So.2d 1083 (1981)
William Paul JONES, As Personal Representative of the Estate of Merry Christine Jones, Deceased, Appellant,
v.
The CITY OF LONGWOOD, FLORIDA, a Municipal Corporation, and Hartford Accident and Indemnity Company, a Foreign Insurance Corporation, Appellees.
No. 80-1234.
District Court of Appeal of Florida, Fifth District.
September 23, 1981.
Rehearing Denied October 21, 1981.
*1084 T.G. LaGrone and Robert J. Felice, Orlando, for appellant.
Ashby L. Camp of Cooper & Rissman, P.A., Orlando, for appellees.
COWART, Judge.
Merry Christine Jones, a 12 year old child, was playing with other children in an unoccupied privately owned building in the City of Longwood when a two thousand pound steel cabinet fell from an inside wall of the building, killing her. The deceased child's estate sued the city for her wrongful death, alleging that the city knew or should have known that children were playing in this building, that the city was "charged with the responsibility of securing unsecure and abandoned commercial buildings existing within its city limits," and that the negligence of the city, its employees and agents in enforcing "various city ordinances regarding securing and maintaining an abandoned building" was the proximate cause of this child's death. From a summary judgment in favor of the city, the decedent's estate appeals.
There is no general statutory or other duty on cities to inspect or secure privately owned abandoned buildings. The only city ordinance of the City of Longwood that has been suggested to be relevant is Ordinance No. 244 which provides:

*1085 SECTION 2: The Building Inspector and the Fire Chief of the City of Longwood, Florida, are hereby required to periodically inspect all buildings and structures within the City of Longwood, and if such officials find any building or structure to be in a delapidated [sic], unsanitary or unsafe condition, to report such fact in writing to the City Council specifying in detail the condition of said building or structure.
The ordinance further provides that, if the city council determines upon full hearing that such building should be condemned, that fact must be certified in writing to the property owner and the property owner given a reasonable time to correct the condition to conform to applicable city codes; in the event the property owner fails to correct said condition, the city council is to cause the building to be demolished or removed.
Appellant argues that the only basis for the trial court's ruling was that the appellee city had sovereign immunity from liability for its neglect in performance of its duty under this ordinance and that the trial court erred because: (a) section 768.28(2), Florida Statutes (1979), expressly waives sovereign immunity for municipalities, and (b) the duty of the building inspector and fire chief under this ordinance was operational level activity for the neglect of which the city is liable under Commercial Carrier Corporation v. Indian River County, 371 So.2d 1010 (Fla. 1979).
The appellee city argues that all governmental duties to inspect should be held to be discretionary functions immune from tort liability citing Loger v. Washington Timber Products, Inc., 8 Wash. App. 921, 509 P.2d 1009 (1973), Dunbar v. United Steelworkers of America, 100 Idaho 523, 602 P.2d 21 (1979), cert. denied, 446 U.S. 983, 100 S.Ct. 2963, 64 L.Ed.2d 839 (1980), Shelton v. Industrial Commission, 51 Ohio App.2d 125, 5 Ohio Ops.3d 286, 367 N.E.2d 51 (1976), Grogan v. Commonwealth, 577 S.W.2d 4 (Ky.), cert. denied, 444 U.S. 835, 100 S.Ct. 69, 62 L.Ed.2d 46 (1979), and Wallace v. Nationwide Mutual Fire Insurance Company, 376 So.2d 39 (Fla. 4th DCA 1979). Appellant suggests that the potential liability of the governmental entity making inspections will have the salutary effect of causing government to confine the scope of its inspection undertakings to its reasonable capability to perform these undertakings and would encourage greater responsibility in the discharge of undertaken duties in the same manner that private persons must do in order to avoid responsibility under general laws of the state for negligence in the performance of duties undertaken. We cannot agree with the city that all inspections undertaken by a governmental entity involve at every stage only discretionary or planning level activity or that the courts should, for policy reasons, carve out exceptions not contained in section 768.28, Florida Statutes (1979). Here the ordinance leaves no discretion in the building inspector or fire chief, but requires them to periodically inspect all buildings and structures within the City of Longwood. The word "periodically" does not leave sufficient discretion in those officials to elevate, to a planning level, their decisions as to when and how often to make inspections. Hence we hold that their acts and functions constitute operational level activity.
However, as a matter of law the failure of these city officials to make an inspection and report their finding to the city council cannot be the proximate cause of the child's death in this case. This ordinance requires only that the two named city officials report in detail their finding of an unsafe building to the city council. We do not decide whether the city council's determination that a reported building should be condemned constitutes a planning or policy level decision. It does appear to involve quasi-judicial decision making activity. Once the determination is made by the city council, the ordinance leaves the city council no discretion but to notify the property owner and requires the city to demolish or remove the building only upon the failure or refusal of the property owner to act.
Under this ordinance the ultimate duty of the city to correct any such dangerous condition *1086 arises only after the city council has made its determination and the property owner has been given a reasonable time to take action and has failed to do so. All of these steps are conditions precedent to the city's duty to itself abate a dangerous condition, and the complaint in this case does not allege the occurrence of such conditions precedent. Accordingly, the complaint is insufficient to allege a duty on the City of Longwood, the violation of which could have been the proximate cause of the child's death in this case.
We also agree with the city's contention before the trial court that its duty to inspect under this ordinance was necessarily qualified, since the building inspector and fire chief were not authorized to enter upon private property to make an inspection without a warrant. In Camara v. Municipal Court of San Francisco, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967), the Supreme Court held that the fourth amendment prohibited a building inspector from entering private property to conduct an investigation without a warrant issued upon probable cause. Accord, Michigan v. Tyler, 436 U.S. 499, 98 S.Ct. 1942, 56 L.Ed.2d 486 (1978); Marshall v. Barlow's, Inc., 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978); See v. City of Seattle, 387 U.S. 541, 87 S.Ct. 1737, 18 L.Ed.2d 943 (1967). See also Art. I, § 23, Fla. Const. (1980). There was no duty on the building inspector and the fire chief under the ordinance or otherwise to seek to obtain the owner's consent to go upon this private property.
We hold that, while the duty of the city building inspector and fire chief to make inspections was an operational level activity concerning which sovereign immunity has been waived, the city's ultimate duty under this ordinance to correct the dangerous condition was subject to the conditions precedent that the city council determine that the building was unsafe and that the property owner, after notice, failed to correct the condition of the building, which conditions were not alleged to have occurred. Also, the city's duty to inspect private property under this ordinance is subject to the overriding constitutional prohibition against governmental agents entering such private property without a warrant based upon probable cause. For these reasons the complaint herein did not state a cause of action against the city and this deficiency was properly considered by the trial court in granting a summary judgment in this case. Accordingly the summary judgment is hereby
AFFIRMED.
FRANK D. UPCHURCH, Jr., J., concurs.
SHARP, J., dissents with opinion.
SHARP, Judge, dissenting.
I respectfully dissent. The City of Longwood passed an ordinance requiring the building inspector and the fire chief to periodically inspect all buildings and structures within the city. If a building was found to be in a dilapidated, unsanitary or unsafe condition, this fact was to be reported in writing to the city council. The ordinance then states:
The City Council shall thereupon determine whether or not a public hearing shall be held to condemn such building or structure... .
The majority holds that the acts and functions of the building inspector and the fire chief in failing to make the inspection required by the ordinance fall within the operational level of the government  with this conclusion I fully concur. But the majority upholds the summary judgment because, as a matter of law, proximate cause could not be established because the operational level function of the inspector is just the first step in the chain of events which could ultimately culminate in the city's condemning the property. Once the city is presented with a report of a dangerous building, subsequent determinations by the city regarding appropriate action are also operational level decisions. The necessity for other city officials to take further action could be used as an excuse to extend sovereign immunity to cities in numerous other situations not contemplated by Commercial Carrier Corporation v. Indian River County, 371 So.2d 1010 (Fla. 1979). Accordingly, I would reverse the summary judgment and allow the issue of proximate cause to go to a jury.
*1087 Generally, planning level functions are those requiring basic policy decisions. Commercial Carrier Corporation v. Indian River County. In deciding to adopt the ordinance the city made a basic policy decision. This policy was to ensure that the city would be free from unsafe and unsanitary buildings. It was implemented by requiring inspections of the city's buildings and authorizing the city to remove or condemn unsafe buildings. The inspections and the decisions on whether to condemn constitute dual operational level functions. Commercial Carrier Corporation v. Indian River County. The decision on whether to condemn necessarily involves some discretion on the city's part, however, many governmental functions involve the exercise of some discretion.[1] Once a government decides to act, as the City of Longwood did here when it passed the ordinance, it must act responsibly and reasonably and in accordance with acceptable standards of care at all levels.[2] Stairstepping duties and authority should not short circuit liability if it can otherwise be established.[3]
NOTES
[1] Johnson v. State, 69 Cal.2d 782, 73 Cal. Rptr. 240, 447 P.2d 352 (1968), cited with approval in Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979).
[2] Collom v. City of St. Petersburg, 400 So.2d 507 (Fla.2d DCA 1981).
[3] Mathews v. City of St. Petersburg, 400 So.2d 841 (Fla.2d DCA 1981).