Mr. Robert C. Nettleton City Attorney, Haines City Post Office Box 277 16 South Seventh Street Haines City, Florida 33844
Dear Mr. Nettleton:
This is in response to your request for an opinion on substantially the following question:
 DOES A MUNICIPALITY HAVE HOME RULE POWER TO GRANT AN ANIMAL CONTROL OFFICER OR HIS ASSISTANTS THE AUTHORITY TO SERVE CITATIONS OR CRIMINAL PROCESS OR PROCESS IN THE NATURE OF CRIMINAL PROCESS, AND AUTHORIZE THE ENTRY ONTO PRIVATE PROPERTY FOR THE PURPOSE OF CAPTURING DOGS FOR IMPOUNDMENT OR MAKE AFFIDAVITS NECESSARY TO AUTHORIZE ARRESTS AND SEARCHES?
As noted in AGO 081-38 municipalities derive no power from Art. VIII, s 2(b), State Const., concerning such service for or issuance of process by the state courts. That opinion concludes that a municipality has no home rule power to grant the members of its fire department or its fire officials the authority to serve summonses or criminal process or process in the nature of criminal process, make arrest, carry firearms, and make searches and seizures or make affidavits necessary to authorize arrests and searches and seizures, as a sheriff or his deputies may do.
Additionally, it was noted that, while a municipality possesses the power to create appointive offices and prescribe the powers thereof pursuant to municipal ordinance, under the existing common law, constitutional, and statutory scheme of state and local government in this state, a municipality may not by ordinance make its firemen or fire officials `peace officers' or vest in them the power to keep the public peace. In light of the rule set forth and the conclusions reached in AGO 081-38, I must conclude that a municipality has no home rule power to grant an animal control officer or his assistants the authority to serve citations or criminal process or process in the nature of criminal process, or to authorize the entry onto private property without the consent of the owner or occupant thereof for the purpose of capturing dogs for impoundment, or to make affidavits necessary to authorize arrests and searches. See also AGO's 081-39; 079-83; Cf. 078-132.
Compare AGO 078-102 (which concluded that animal control agents appointed by a county under s 828.03, F.S., have no powers to take custody of or arrest the owner of a neglected or cruelly treated animal, to issue notices to appear, or to serve notices in the nature of civil process upon such owner in connection with proceedings under s 828.073, F.S.).
You also ask whether an animal control officer `empowered and employed' by Polk County would have the above authority within the municipal limits of Haines City if the municipality desired to be subject to the provisions of Polk County Ordinance No. 77-8, Section 1, which allows municipalities within the county to come under this ordinance. Your letter states your concern, in light of AGO 081-38, that adoption of the above-referenced county ordinance (or a request by Haines City to Polk County to enforce its ordinance within the city) may be improper.
Chapter 59-1759, Laws of Florida, authorized the creation of county pounds in Polk County, and the appointment of an impounding officer with authority to `pick up, catch or procure any animal roaming at large.' Nothing in Ch. 59-1759 suggests that the impounding officer or animal control officer is vested with the authority to serve citations or process, or to enter onto private property without the consent of the owner or occupant to capture dogs. Polk County Ordinance No. 77-8 sought to amend[1] and supplement the powers granted by Ch. 59-1759 by requiring an annual rabies innoculation of dogs and cats and by instituting a leash requirement for dogs off the property of the owner. Ordinance No. 77-8 also authorized the impounding officer and his assistants to serve citations and to enter onto private property to capture dogs. However, this latter authority is qualified by the Fourth Amendment of the U.S. Constitution and Article I, Section 12 of the Florida Constitution. Cf. AGO 082-7, dated February 23, 1982 (concluding, inter alia, that administrative searches or inspections conducted outside the judicial process without consent, and without prior approval by a judge or magistrate, [as evidenced by an administrative search warrant] are not reasonable, unless it can be shown that the administrative search or inspection falls within one of the well-delineated exceptions to this rule, and that statutes, ordinances and rules purporting to authorize administrative searches without a warrant under regulatory statutes have been held violative of theFourth Amendment, and citing e.g., Camara v. Municipal Court,387 U.S. 523 [1967], and Jones v. City of Longwood, 404 So.2d 1083 (5 D.C.A. Fla., 1981]).
In light of AGO 081-38, and as noted above, it would appear that Ordinance No. 77-8 could not vest the impounding officer or the animal control officer with the powers of a law enforcement officer. However, I must advise you that this office cannot pass upon the validity of the county ordinance or upon the legality of the county animal control officer's actions under the county ordinance. These are presumptively valid until the courts hold otherwise.
In summary, unless and until legislatively and judicially determined otherwise, it is my opinion that municipal home rule power does not include the power to grant an animal control officer or his assistants the authority to serve citations or criminal process or process in the nature of criminal process, or authorize the entry onto private property without the consent of the owner or occupant thereof for the purpose of capturing dogs for impoundment or make affidavits necessary to authorize arrests and searches.
Sincerely,
Jim Smith, Attorney General
Prepared by: Anne Curtis Terry, Assistant Attorney General
[1] It appears that Ch. 59-1759 relates only to the unincorporated area of Polk County and thus Article VIII, Section 6(d), Fla. Const., allows amendment of this special law by county ordinance. Compare Spaulding v. St. Johns County, 384 So.2d 1276
(Fla. 1980); Davis v. Gronemeyer, 251 So.2d 1 (Fla. 1971). This special law relates to municipalities in Polk County only to the extent that they may elect to come under its provisions. However, our office cannot pass upon the constitutional validity of the county ordinance under Article VIII, Section 6(d); it is presumptively valid until the courts hold otherwise.