419 So.2d 1082 (1982)
CITY OF ST. PETERSBURG, Florida, Petitioner,
v.
Bert H. COLLOM, Etc., Respondent.
CITY OF ST. PETERSBURG, Florida, Petitioner,
v.
Lula Mae MATHEWS, Respondent.
Nos. 61016, 61017.
Supreme Court of Florida.
September 14, 1982.
*1083 Michael S. Davis, City Atty., William N. Drake, Jr. and Kim E. Streeter, Asst. City Attys., St. Petersburg, for petitioner.
Donald Wm. Giffin, St. Petersburg, for Collom.
Gary E. Frazier of Akerson & Swisher, St. Petersburg, and Garold L. Morlan, Tampa, for Mathews.
Claude L. Mullis, Legal Counsel, Tallahassee, for Florida League of Cities, Inc., amicus curiae.
OVERTON, Justice.
These are petitions by the City of St. Petersburg to review two decisions of the Second District Court of Appeal reported as Mathews v. City of St. Petersburg, 400 So.2d 841 (Fla.2d DCA 1981), and Collom v. City of St. Petersburg, 400 So.2d 507 (Fla.2d DCA 1981). Both cases were heard in a consolidated oral argument with Department of Transportation v. Neilson; Hillsborough County v. Neilson; City of Tampa v. Neilson, 419 So.2d 1071 (Fla. 1982); and Ingham v. Department of Transportation, 419 So.2d 1081 (Fla. 1982). Each of these cases involves an interpretation of "operational-level" as distinguished from "judgmental, planning-level" functions of government as discussed in Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979). Conflict exists among the above-cited cases heard in the consolidated oral argument. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
In the two cases decided here, we approve the results reached by the district court. We hold that when a governmental entity creates a known dangerous condition, which is not readily apparent to persons who could be injured by the condition, a duty at the operational-level arises to warn the public of, or protect the public from, the known danger. The failure to fulfill this operational-level duty is, therefore, a basis for an action against the governmental entity.

*1084 Part I

City of St. Petersburg v. Collom
Collom is a wrongful death action. In Collom, the complaint alleged that during a heavy rainstorm the plaintiff's wife and daughter were walking across private property and unknowingly stepped into a storm sewer drainage ditch located on a city drainage easement, and were sucked into a pipe and drowned. In his complaint, Collom alleged that the city failed to guard the opening to the storm sewer by failing to place screens, bars, or other protective devices over the opening of its pipe. Further, Collom alleged the city failed to warn of a hazardous condition so that human beings would not be dragged into the sewer during heavy rains and storms.
The trial judge granted the city a summary judgment, holding "that the plan and design of the drainage ditch and pipe ... to exclude the utilization of bars, grates, screens, fencing and/or other protective devices was a matter of discretional immunity" so that liability did not attach as a matter of law. The Second District Court of Appeal reversed, holding that "[i]mmunity of a government for negligently performing an act no longer exists," so that "once a government decides to act, whether out of obligation or free choice, it must act responsibly and reasonably under the existing circumstances, and in accordance with acceptable standards of care and common sense." 400 So.2d at 508. The district court rejected the city's argument that even though the project might be inherently dangerous the city could not be liable because it "planned" the system in that manner. The court held that "a blueprint is not a plan in the sense of the `planning' that is discretionary, and once the `planning' has been done, the plans that are then prepared can indeed give rise to liability." Id. at 509. Further, in addressing the issue of the availability of funds to the entity to build the project, the court held that a governmental entity could not "be free to adopt an expensive plan for alleviating a problem and then cut costs by eliminating the safety features." Id. The court held that "governments are expected to exercise [the] prudence and reason" required of individuals. Id.
The city seeks reversal of the district court's action, contending that the adoption of a drainage system plan entails judgmental, planning-level decisions on the part of both the governmental officials who design the system and the governmental entity which approves and funds the plan. According to the city, decisions concerning when and in what manner to build a drainage system should not be subject to second-guessing by a judge or jury.
Collom contends that the district court decision should be approved because once the city's decision-making process is complete, liability may attach to the manner in which such plans are implemented. Once the city had notice of the hazardous condition, Collom asserts, an operational-level function arose, requiring the city to remedy or give notice of the hazard, and its failure to do so establishes liability.

City of St. Petersburg v. Mathews
In Mathews, a twenty-month-old child, who had been playing in a public park, fell into a drainage creek and drowned. In the parent's wrongful death action against the city, the complaint alleged:
7. The water, into which the deceased fell, is a concrete encasement of Booker Creek with vertical sides and sidewalks to the north and south of the concrete edges. On top of the edges, at a distance of approximately ten (10) feet apart, are holes installed in such a manner they may support a barrier or fence. At or about Sixth Street and Roser Park, on the north side of Booker Creek, there is a park or playground which is frequented by children. Nowhere along the edge of or along side of the Booker Creek encasement is there a barrier, fence or other guard against children falling into or playing within the encasement. The waterway is so constructed as to prevent and seriously impede rescue of any child who might fall in. There is no method or manner in which to escape from the waterway should escape be made necessary or should rescue be attempted.

*1085 8. The Defendant, City of St. Petersburg, is negligent in causing to exist and be maintained at Sixth Street and Roser Park Drive an attractive nuisance in that the existence [sic] of the concrete waterway, constructed so as to be a trap, is in such close proximity to and part of a playground and sidewalk as to present a dangerous condition. The Defendant knew or should have known by the exercise of due care and caution, that children are likely to and frequently to play in close proximity to the waterway. The condition, as a trap, is one the Defendant knew or should have known and that it realized or should have realized, involved an unreasonable risk of death or serious bodily injury to such children and that children, because of their immature age, discretion and experience, do not discover the condition or realize the risk involved in intermeddling in a concrete waterway or coming within the area made dangerous by it, and would be lured to and tempted to run and play in and near the Booker Creek encasement.
A motion to dismiss Mathews' complaint, filed by the city, was granted by the trial judge, who held that:
[I]t is not necessary to discuss the question of attractive nuisance raised by the Motion, because whether or not to "incase" Booker Creek with vertical concrete sides and whether or not to install a barrier or fence along the sides of Booker Creek are policy decisions of the CITY. These items are "discretionarily policy matters, planning or judgment governmental features, and as such cannot be the subject of traditional tort liabilities." A.L. Lewis, etc., v. Metropolitan Dade County, 376 So.2d 32 (Fla. 3 DCA 1979); Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979).
The Second District Court of Appeal reversed and remanded for further proceedings, citing its decisions in Collom v. City of St. Petersburg, 400 So.2d 507 (Fla.2d DCA 1981), and Neilson v. Department of Transportation, 376 So.2d 296 (Fla.2d DCA 1979). The district court held that "[w]hile the city had the discretion to decide whether to alter the natural state of Booker Creek, once it decided to do so, the alterations had to be designed and performed in a reasonable manner." 400 So.2d at 842. On this basis, the court concluded that Mathews had stated a cause of action for negligence against the city, and the case was remanded for a determination of whether the city's encasement of the creek and its failure to erect a barrier or fence along the encasement created a dangerous condition which proximately caused or contributed to the child's death.
As in Collom, the city seeks reversal of the district court's action, contending that the adoption of a drainage system plan involves judgmental, planning-level decisions immune from suit. Mathews agrees that the city's decision to encase the sides of the creek and alter its natural state is a judgmental, planning-level function. Mathews asserts, however, that the Second District Court of Appeal is correct in holding that once the city decided to alter the natural state of the creek, the alterations had to be designed and performed in a reasonable manner. Mathews further contends that the city's resources should not be considered because a city may not deliberately eliminate safety features to save money once it has commenced a project.

Part II
We approve the decisions of the Second District Court of Appeal in both Collom and Mathews. We reject, however, the broad language of governmental liability set forth in Collom, and followed in Mathews, because this language implies governmental liability for defects inherent in plans for improvements as approved by governmental entities. Adopting the district court's reasoning would permit the judicial branch to substantially interfere with the functioning of the legislative and executive branches of government. For the reasons expressed in our Neilson decision, defects inherent in the overall plan for an improvement, as approved by a governmental entity, are not matters that in and of themselves subject the entity to liability. *1086 The judicial branch can neither mandate the building of expensive and fail-safe improvements, nor otherwise require expenditures for such improvements. On the other hand, without substantially interfering with the governing powers of the coordinate branches, courts can require (1) the necessary warning or correction of a known dangerous condition; (2) the necessary and proper maintenance of existing improvements, as explained and illustrated in Commercial Carrier, 371 So.2d 1010 (Fla. 1979); and (3) the proper construction or installation and design of the improvement plan, as explained in Neilson, 419 So.2d 1071 (Fla. 1982).
Both Collom and Mathews illustrate the application of the principle that once a governmental entity creates a known dangerous condition which may not be readily apparent to one who could be injured by the condition, and the governmental entity has knowledge of the presence of people likely to be injured, then the governmental entity must take steps to avert the danger or properly warn persons who may be injured by that danger. Savignac v. Department of Transportation, 406 So.2d 1143 (Fla.2d DCA 1981).[*] The failure of government to act in this type of circumstance is, in our view, a failure at the operational level. We find that a governmental entity may not create a known hazard or trap and then claim immunity from suit for injuries resulting from that hazard on the grounds that it arose from a judgmental, planning-level decision. When such a condition is knowingly created by a governmental entity, then it reasonably follows that the governmental entity has the responsibility to protect the public from that condition, and the failure to so protect cannot logically be labelled a judgmental, planning-level decision. We find it unreasonable to presume that a governmental entity, as a matter of policy in making a judgmental, planning-level decision, would knowingly create a trap or a dangerous condition and intentionally fail to warn or protect the users of that improvement from the risk. In our opinion, it is only logical and reasonable to treat the failure to warn or correct a known danger created by government as negligence at the operational level.
This rule is in part an exception to the principle set forth in Neilson that an inherent defect in a plan for improvement adopted by a governmental entity cannot subject the entity to liability. To illustrate, if a governmental entity plans a road with a sharp curve which cannot be negotiated by an automobile traveling more than twenty-five miles per hour, the entity cannot be liable for building the road because the decision to do so is at the judgmental, planning level. If, however, the entity knows when it builds the road that automobiles cannot negotiate the curve at more than twenty-five miles per hour, then an operational-level duty arises to warn motorists of the hazard.
In Mathews, we find the allegations of the complaint do state a cause of action against the city for creating a known dangerous condition and failing to correct that condition or otherwise reasonably warn of and protect the public from it. In so holding, we do not mean to imply that it is proper to challenge the overall plan for the drainage system.
*1087 In Collom, the complaint asserted that a known hazardous condition was created by the city. The summary judgment did not address the issue of whether there was a known dangerous condition created by the city, but instead addressed the issue of whether the failure to place bars or screens on an open storm drain was an inherent defect in the overall plan and, therefore, a judgmental, planning-level decision rather than an operational-level decision. The issue should have been whether the city created a known dangerous condition which may not be readily apparent to one who could be injured because of the condition. This issue, however, was not the basis of the summary judgment in this case. The issue actually addressed is not controlling as to known dangerous conditions as we have interpreted the law pertaining to judgmental, planning-level and operational level functions in Neilson and in this case. The complaint in Collom states a cause of action against the city for creating a known dangerous condition and failing to correct the condition or otherwise reasonably warn or protect the public from it.
Although we do not approve of the broad language used by the Second District Court of Appeal in Collom and Mathews, for the reasons expressed in this opinion, we agree with the district court that the trial court's granting of the motion to dismiss in Mathews and the motion for summary judgment in Collom were error and the causes should be remanded for further proceedings.
It is so ordered.
ALDERMAN, C.J., and BOYD and McDONALD, JJ., concur.
ADKINS, SUNDBERG and EHRLICH, JJ., concur in result only.
NOTES
[*] Other jurisdictions have reached similar conclusions. In Jezek v. City of Midland, 605 S.W.2d 544, 548 (Tex. 1980), the court held "that where a city knowingly maintains an intersection right-of-way in a manner which dangerously obstructs the vision of motorists using the street, they are under a duty to warn of the danger or, if necessary, make safe the defective condition." In Larson v. Township of New Haven, 282 Minn. 447, 165 N.W.2d 543, 546 (1969), the court held that where municipal employees had actual notice of a dangerous condition resulting from a missing warning sign, the "municipality owed a duty to exercise reasonable care to warn or otherwise protect such traveler from the resulting danger." In Teall v. City of Cudahy, 60 Cal.2d 431, 386 P.2d 493, 34 Cal. Rptr. 869 (1963), the court, following a statute, held that where the city chose to act in providing a traffic signal, it could be held liable if in doing so it had notice of the creation of a dangerous condition and thereafter did not take steps to protect the public. In Lowman v. City of Mesa, 125 Ariz. 590, 611 P.2d 943 (Ariz. App. 1980), the court held that where the city had knowledge of a hazard it had a duty to warn, and the failure to so warn would give rise to liability.