FERGUSON, Judge
(dissenting).
This appeal is brought from an adverse summary judgment entered in a negligence action.
In principle this case is not distinguishable from the “governmental trap” we discussed in Feldstein v. City of Key West, 512 So.2d 217 (Fla. 3d DCA 1987) (relying on City of St. Petersburg v. Collom, 419 So.2d 1082 (Fla.1982)). None of the cases cited by the majority requires a different result.
The facts show that in 1975 Dade County installed a pedestrian walk signal at the intersection of Northwest 36th Street and Lee Drive. In accordance with the federal Uniform Traffic Control Devices Manual, adopted at the state level, twenty-five seconds were allowed for a pedestrian to cross. Later a traffic engineer reduced the timing to twenty-one seconds which, by uniform standards, was less time than was needed for the average pedestrian to cross safely.
Dade County’s chief engineer testified that timing changes were made in accordance with a local practice to allow the last pedestrian who legally stepped off the curb, at the end of the “walk” signal, sufficient time to reach only the middle of the last through lane of traffic before a “go” *947 signal was given for automobile traffic. The plaintiff, Almeida, stepped off the curb on the “walk” signal, walked hurriedly, and nevertheless was caught in a traffic lane and struck by a motorcycle which accelerated on the “go” signal. Such an accident was a natural and probable consequence of the “planning” decision.
We said in Feldstein that “a governmental entity may not create a known hazard or trap and then claim immunity from suit for injuries resulting from that hazard on the grounds it arose from a judgmental, planning level decision.” 512 So.2d at 219 (quoting Collom 419 So.2d at 1086).
Pedestrians believe, quite reasonably, that signals erected to control the crossing of busy highways will allow enough time to reach safety. Otherwise, what purpose do they serve? Pedestrians should be warned not to rely on the signals, or better yet, pedestrian traffic controls should not be erected so as to create false illusions of safety. Having undertaken as a planning matter to erect pedestrian traffic controls, Dade County was obligated not to create a hazard; in this case, that required only adherence to uniform timing standards.
Whether there is some overriding consideration which justifies the county’s decision to depart from the standard creates an issue of fact for a jury. A summary judgment for the defendant was inappropriate.