FENNELLY, JOHN E., Associate Judge.
John and Helen Zolkowski appeal an order of the trial court which sets aside a jury verdict in their favor and orders a new trial. The Department of Transportation (DOT) cross appeals alleging as error the trial court’s denial of their motions for a directed verdict and for judgment in accordance with the motion for directed verdict. For the reasons set forth in this opinion we reverse the order for new trial and remand to the trial court with instructions to reinstate the verdict for the Zol-kowskis.
STATEMENTS OF FACT
John Zolkowski sustained serious, permanent injuries while riding a bicycle across a bridge in Palm Beach County, which was constructed and maintained by DOT. Mr. Zolkowski and his wife Helen brought an action against DOT alleging actionable negligence by DOT in maintaining a known dangerous condition on the bridge. Testimony adduced at trial supports the jury’s conclusion that the Department was aware of the specific danger on the bridge, i.e., the curb. The evidence given by Carlton Wright, if believed, indicates that Wright had witnessed several accidents involving the curb and had spoken directly to a DOT employee concerning the danger posed by the curb.
Frederick Swartz, an expert witness retained by the appellant, testified that the danger posed by the configuration of the curb would not be apparent to someone riding a bicycle across the bridge. Swartz also testified relative to actions that could have been taken to either warn or protect a bicyclist from the danger posed by the curb.
DOT filed a motion in limine seeking to exclude testimony by Swartz concerning design defects in the sidewalk and curb. The court, after hearing argument, ruled that DOT was required to make a contemporaneous objection to testimony of that nature as it came up at trial.
The record further establishes that DOT, at the charge conference, submitted an instruction on the issue of sovereign immunity for design defects. The trial court denied that requested instruction, but indicated it would give such an instruction if it completely covered the issues in the case concerning DOT’s immunity, and what the court characterized as the “Collom-Neil-son” exception. The record indicates that the court was not supplied with such a requested instruction. The trial court also declined to submit to the jury an itemized verdict form at the conclusion of the trial. The jury found DOT 60% at fault and the appellant 40% at fault.
ORDER FOR NEW TRIAL
The trial court entered a detailed order setting forth the basis for granting a new trial. That order clearly indicated that the principal reasons for granting the motion were: 1. Error in admission of expert testimony concerning design deficiencies or alternative designs; 2. Failure to instruct the jury on the issue of sovereign immunity for design defects, and 3. Failure to use, upon request of DOT, a special interrogatory verdict that more specifically focused on DOT’s knowledge of the alleged dangerous condition, as opposed to the interrogatory given which asked about DOT’s negligence.
DOT is immune from liability for planning level decisions, but liable for operational level conduct. See Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla.1979). The admissibility of the design testimony must be judged in light of the Commercial Carrier holding and subsequent decisions in this troublesome area of law.
We have carefully reviewed the record in this case and find that admission of Mr. Swartz’s testimony, under the facts and circumstances of this case, was not error. There was testimony in this case that would support a conclusion that the department was: 1. on notice of a defect, and 2. the defect that created a danger was not readily apparent. Applying the holdings of Department of Transportation v. Neilson, 419 So.2d 1071 (Fla.1982) and City of St. Petersburg v. Collom, 419 So.2d *1081 1082 (Fla.1982) to the record before us, we conclude that the evidence was relevant, probative and properly admitted. Another panel of this court has recently reached the same conclusion. See D.O.T. v. Konney, 14 F.L.W. 1716 (Fla. 4th DCA July 19, 1989).
Collom and Neilson, read together, hold that, although an initial design decision is a planning level act clothed with sovereign immunity, the government, when placed on notice of a defective design not readily apparent, has an affirmative duty to warn of, or correct the danger it has created. The failure of the government to warn or act in such a situation is an operational act subjecting it to liability. See Collom, 419 So.2d at 1086. Thus in this case, as indicated above, the evidence was relevant to the issue of DOT’s duty to protect the appellant from the danger it had created. Thus, as indicated, the disputed testimony was properly admitted.
Turning to DOT’s second argument, i.e., the instructions requested on the issue of sovereign immunity for alleged design defect, we believe the initial instruction submitted to the court was an incomplete statement of the law and DOT was given an opportunity by the trial court to submit a complete instruction. This was not done. No error therefore took place. Taylor v. State, 350 So.2d 13 (Fla. 4th DCA 1977), cert. denied, 359 So.2d 1221 (Fla.1978). We have also reviewed the instructions actually given, and find they contain a complete and accurate statement of the law applicable to the issues involved herein.
Turning to the other stated reason for the court’s grant of a new trial we also find no error by the trial court in refusing the verdict form submitted by DOT. The only instructions given concerned DOT’s liability for negligence in failing to do anything about a known dangerous condition. The verdict form used tracked these instructions, and was adequate to frame the negligence issue.
In the cross appeal by the department we conclude that the record contains sufficient evidence to support a verdict and that the court did not err in denying both defense motions for a directed verdict. For the reasons set forth above we reverse and remand with directions that a judgment be entered in accordance with the jury’s verdict.
A trial court decision to grant a new trial is usually left to the sound discretion of the trial court because of its superior vantage point. However, under the facts and circumstances of this case where the trial court was relying on legal errors that did not exist, a new trial is not warranted and constitutes an abuse of discretion. Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145 (Fla.1980).
ANSTEAD and STONE, JJ., concur.