ON REHEARING
GARRETT, Judge.
We grant the motion for rehearing filed by appellant State of Florida, Department of Transportation, and substitute the following opinion:
AFFIRMED. We address one of the issues raised by appellants, Department of Transportation and Palm Beach County. It is their contention that the decision to install a traffic control device is protected from suit by the doctrine of sovereign immunity. They argue error occurred when the trial judge admitted evidence of the lack of a traffic control device at the accident intersection where the roads intersected to form two acute angles and two obtuse angles. Appellee alleged inadequate warning of the dangerous visibility condition created by the layout of the two roads.
We find no error as to the remaining issues.
In Department of Transportation v. Neilson, 419 So.2d 1071 (Fla.1982), the court recognized that whether or not a governmental entity installs a traffic control device is a discretionary planning level decision protected from suit for tort liability by the doctrine of sovereign immunity. However,, on the same day, the court held in City of St. Petersburg v. Collom, 419 So.2d 1082, 1085 (Fla.1982), that if a governmental entity creates a known dangerous condition, not readily apparent, then the governmental entity must take steps to warn the public of the danger.
In Payne v. Broward County, 461 So.2d 63 (Fla.1984), the court established that a governmental entity’s decision concerning the installation of a traffic control device includes a concomitant duty to warn if the absence of a traffic control device creates a trap or known danger not readily apparent to persons in or about the intersection. In Bailey Drainage District v. Stark, 526 *615 So.2d 678 (Fla.1988), the court held that knowingly maintaining an intersection with a trap or hidden danger caused by obstructions to visibility subjects a governmental entity to the duty to warn of the danger.
Inherent in the duty to warn is the duty to adequately warn. The trial judge properly admitted evidence showing a flashing beacon should have been installed at the intersection to warn drivers in a manner more consistent with the safety of the traveling public. Her ruling did not entangle the court in fundamental questions of public policy or planning which remain protected by the doctrine of sovereign immunity. See Kaisner v. Kolb, 543 So.2d 732 (Fla. 1989).
POLEN, J., concurs.
DOWNEY, J., concurs as to conclusion only/without opinion.