693 So.2d 1153 (1997)
Hector PAREDES and Ibis R. Paredes, his wife, and Rodolfo Yordi and Dora C. Yordi, his wife, Appellants,
v.
The CITY OF NORTH BAY VILLAGE and The School Board of Dade County, Florida, Appellees.
No. 96-2880.
District Court of Appeal of Florida, Third District.
May 28, 1997.
Baraque & Heinish, and Mark M. Heinish, Miami, for appellants.
Murray H. Dubbin, City Attorney, and Jean Olin, Special Assistant City Attorney, for appellee City of North Bay Village.
Phyllis O. Douglas, and Luis M. Garcia, Key West, for appellee School Board of Dade County, Florida.
Before NESBITT, COPE and GODERICH, JJ.
PER CURIAM.
The plaintiffs below, Hector Paredes, et al., appeal from the dismissal with prejudice of their amended complaint against the City of North Bay Village [City] and the School Board of Dade County, Florida [School Board] based on sovereign immunity. We affirm.
The plaintiffs filed an amended complaint for nuisance against the City and the School Board. As to the City, the nuisance claim was based on the passage of a resolution authorizing the expenditure of $5,000 to construct a baseball field at the elementary school that abuts the plaintiffs' home. Because there has never been a common law duty of care for legislative action, such as the passage of resolutions authorizing expenditures, the trial court correctly granted the City's motion to dismiss. See Trianon Park Condominium Ass'n, Inc. v. City of Hialeah, 468 So.2d 912, 919-21 (Fla.1985).
As to the School Board, the claim was based on the School Board's decision to construct the baseball field. Because the School Board's decision to construct the baseball field, "and all the determinations inherent in such a decision, are of the judgmental, planning-level type," the School Board is also immune from liability and therefore, the trial *1154 court properly granted the School Board's motion to dismiss. See Department of Transp. v. Neilson, 419 So.2d 1071, 1077 (Fla.1982); see also Rumbough v. City of Tampa, 403 So.2d 1139 (Fla. 2d DCA 1981).
Lastly, this decision should not be interpreted as precluding the plaintiffs from bringing a future action, if necessary, against the defendants for failure to maintain the baseball field.
Affirmed.
NESBITT and GODERICH, JJ., concur.
COPE, Judge (concurring in part and dissenting in part).
I concur as to the City of North Bay Village. I respectfully dissent as to the Dade County School Board. The amended complaint alleges that the School Board, by its positioning of the baseball field, has created a severe hazard to neighboring homeowners. "We find that a governmental entity may not create a known hazard or trap and then claim immunity from suit for injuries resulting from that hazard on the grounds that it arose from a judgmental, planning-level decision." City of St. Petersburg v. Collom, 419 So.2d 1082, 1086 (Fla.1982). The plaintiff's allegations are sufficient to survive a motion to dismiss.