803 So.2d 751 (2001)
POLK COUNTY, a political subdivision of the State of Florida, Appellant,
v.
Donna M. SOFKA, Appellee.
No. 2D00-2723.
District Court of Appeal of Florida, Second District.
October 19, 2001.
*752 Hank B. Campbell of Gray Harris Robinson Lane Trohn, Lakeland, and Christine C. Daly of Bradley Johnson Law Firm, P.A., Lake Wales, for Appellant.
John W. Frost, II and Robert J. Aranda of Frost & Saunders, P.A., Bartow, for Appellee.
Leonard Berger, Assistant County Attorney, West Palm Beach, for Palm Beach County, Amicus Curiae.
THREADGILL, Acting Chief Judge.
Polk County, defendant in an action for personal injuries arising out of an automobile accident at an intersection, appeals from a stipulated final judgment, raising issues that were reserved in the underlying settlement agreement. The County argues that the trial court erred in failing to recognize the County's sovereign immunity and that the plaintiff failed to establish that the County's action or inaction was a proximate cause of the accident. We affirm.
This case has been before the supreme court and this court before. It began on December 28, 1988 at 10:15 p.m. The plaintiff, Donna Sofka, was driving her vehicle westbound on East Lamp Post Lane, a paved, privately-maintained residential road, when she crossed Old Polk City Road, known as State Road 33, and drove into the path of a vehicle traveling southbound on Old Polk City Road. Ms. Sofka was seriously injured and is now a quadriplegic.
At the time of the accident, no traffic control devices or signs had been installed at the intersection. Ms. Sofka filed suit against numerous parties, including the County,[1] alleging that the intersection was not apparent and that conditions at the intersection created an illusion of safe passage across Old Polk City Road. Specifically, she alleged that when land on the west side of Old Polk City Road was developed, Lamp Post Lane was continued westward across Old Polk City Road and became a *753 "through street" that crossed Old Polk City Road. Ms. Sofka also alleged that, four to six months before the accident, the developer dedicated the road to the County and the County accepted the road. Thus, Ms. Sofka alleged that the County knew or should have known that the dangerous condition existed and that the County should have warned of the danger.
In August 1993, the case went to jury trial. At trial, Ms. Sofka presented evidence that the County's engineering department had reviewed and approved the developer's plans for West Lamp Post Lane. The developer testified that the County inspected West Lamp Post Lane during construction. The developer subsequently dedicated West Lamp Post Lane to the County, and the County accepted the dedication and invoiced the developer for traffic control devices, including stop signs for West Lamp Post Lane.
Ms. Sofka's accident reconstruction expert, Dr. William Fogarty, carried the day for Sofka. He opined that the failure to provide traffic control devices at the intersection, along with improper maintenance of a line of sight at the intersection, was a primary causative factor of the accident to the extent that the accident would not have occurred but for these factors. Dr. Fogarty also opined that the construction of West Lamp Post Lane created a dangerous condition by increasing the probability of activity at the intersection without meeting the minimum standards of traffic control. He testified that a driver approaching the intersection from East Lamp Post Lane, as Ms. Sofka did, could see West Lamp Post Lane at a point approximately seventy to eighty feet from the intersection. Dr. Fogarty further opined that, due to foliage overgrowth, the driver would not have an opportunity to see the intersecting Old Polk City Road until she was well beyond the point of no return.
The jury returned a verdict in favor of Ms. Sofka, awarding her damages of $6,500,000. Thereafter, the trial court granted the County's motion for new trial, based on Fabre v. Marin, 623 So.2d 1182 (Fla.1993) (involving apportionment of damages).
The parties then entered into a settlement agreement wherein they agreed that a stipulated final judgment would be entered for Ms. Sofka and against the County in the amount of $600,000, but that the County would be permitted to pursue an appeal on the issues of sovereign immunity and proximate cause. This court affirmed the stipulated final judgment, determining that the County was not entitled to sovereign immunity and that Ms. Sofka sufficiently established proximate cause. See Polk County v. Sofka, 675 So.2d 615 (Fla. 2d DCA 1996).
The supreme court quashed this court's decision, holding that, because the order granting new trial had not been vacated, this court lacked jurisdiction. See Polk County v. Sofka, 702 So.2d 1243 (Fla.1997). On remand, this court dismissed the appeal for lack of jurisdiction.
Thereafter, the trial court, on motion by Ms. Sofka, vacated the order granting a new trial. The County appealed that order. This court reversed, holding that the trial court had no authority to set aside the order granting new trial. See Polk County v. Sofka, 730 So.2d 389 (Fla. 2d DCA 1999).
The parties then entered into a new settlement agreement wherein they agreed to the entry of a stipulated final judgment in favor of Ms. Sofka, and the County agreed to withdraw its motion for new trial. Based on that agreement, the trial court entered an order vacating the order granting a new trial. The agreement again reserved the County's right to appeal *754 the issues of sovereign immunity and proximate cause.
Thus, the issues that were analyzed by one panel of this court in Sofka, 675 So.2d 615, are again before this court. This panel of judges has re-analyzed the same issues and has arrived at the same result.
As a general rule, decisions involving the installation of traffic control devices, the initial plan and alignment of roads, or the improvement or upgrading of roads or intersections are judgmental, planning-level functions to which absolute immunity attaches. See Dep't of Transp. v. Neilson, 419 So.2d 1071 (Fla.1982). An exception to this rule exists, however, "when a governmental entity creates a known dangerous condition, which is not readily apparent to persons who could be injured by the condition." City of St. Petersburg v. Collom, 419 So.2d 1082, 1083 (Fla.1982). In such situations, a duty at the operational level arises to warn the public of the known danger, and courts can require a necessary warning without substantially interfering with the governing powers of the coordinate branches. Id. This exception contemplates a dangerous condition so hazardous and so inconspicuous to a foreseeable plaintiff that it virtually constitutes a trap. Dep't of Transp. v. Konney, 587 So.2d 1292, 1298 (Fla.1991) (Kogan, J., concurring).
The County argues that the trial court erred in denying its motions for summary judgment, dismissal, and directed verdict based on the issue of sovereign immunity. The evidence at trial, however, created an issue of fact as to whether a known dangerous condition existed and whether the County took part in creating it. Ms. Sofka presented sufficient evidence from which the jury could reasonably infer the County's creation of a known dangerous condition. Under these circumstances, the trial court did not err in submitting the case to the jury.
We acknowledge that Konney stands for the proposition that "traffic control methods and the failure to upgrade intersections with traffic control devices are judgmental, planning-level decisions, which are not actionable." Id. at 1295. Konney, however, is distinguishable from the instant case. The basis of the claim in Konney was a negligent failure to upgrade an intersection's traffic warning device from a stop sign to a flashing beacon; such a decision is not actionable as it constitutes a planning-level function. Id. at 1295. In this case, Ms. Sofka's claim is based on a failure to warn of the dangerous intersection, which is an operational-level duty. See Collom, 419 So.2d at 1083.
As to the County's second issue, we find that the trial court properly submitted the issue of proximate cause to the jury. The question of proximate causation ordinarily must be resolved by the trier of fact. Clark v. Polk County, 753 So.2d 138 (Fla. 2d DCA 2000). Clark, like the instant case, involved an intersection collision in which the offending driver was unable to remember what he saw before the accident. In Clark, this court held that because it is easily foreseeable that a motorist would proceed through a seemingly uncontrolled intersection, a driver's negligence in doing so, if any, could not be deemed to have severed a causative link between a county's negligence, in failing to maintain a stop sign, and the accident. Id. at 141. Similarly, the evidence in this case was sufficient to create a jury question as to whether the County's failure to install traffic warnings was a cause of the accident.
Affirmed.
NORTHCUTT and DAVIS, JJ., Concur.
NOTES
[1] This appeal involves only the claims against the County.