IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

SANDRA BERGMANN, as
Personal Representative of the
Estate of Paul R. Bergmann,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

     Appellant,

CASE NO. 1D13-3160

v.

FLORIDA DEPARTMENT OF
TRANSPORTATION, a
governmental agency and
WILLIE B. WYNN, individually,

     Appellees.

_____/

Opinion filed July 30, 2014.

An appeal from the Circuit Court for Baker County.
Phyllis M. Rosier, Judge.

William S. Graessle of William S. Graessle, P.A., Jacksonville, for Appellant.

Pamela Jo Bondi, Attorney General, Cecilia Bradley, Senior Assistant Attorney General, and Rachel Nordby, Deputy Solicitor General, Tallahassee, for Appellee Florida Department of Transportation.

PER CURIAM.

     Appellant challenges a final order of dismissal in her negligence action for

damages sustained in a collision on a roadway over which the Florida Department

of Transportation (FDOT) has jurisdiction. The trial court ruled that the claim is precluded by FDOT's sovereign immunity.

In reviewing the propriety of an order granting a motion to dismiss, we must take all the facts alleged in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. Weaver v. Leon County Classroom Teachers Ass'n, 680 So. 2d 478 (Fla. 1st DCA 1996).

In this case, appellant sought recovery alleging that FDOT created a known hazardous condition which led to the collision. The allegations of the complaint indicate that the condition involved a hidden danger and that FDOT was aware of the hazard but failed to correct it or warn of the danger.

As explained in Department of Transportation v. Neilson, 419 So. 2d 1071 (Fla. 1982), these assertions encompass an operational-level function to which sovereign immunity does not apply. See also, e.g., City of St. Petersburg v. Collom, 419 So. 2d 1082 (Fla. 1982); Mann v. State Dep't of Transp., 946 So. 2d 1246 (Fla. 1st DCA 2007); Polk County v. Sofka, 803 So. 2d 751 (Fla. 2d DCA 2001), review denied 821 So. 2d 300 (Fla. 2002).

Therefore, we reverse the order dismissing appellant's complaint with prejudice and remand for further proceedings.

WOLF, VAN NORTWICK and RAY, JJ., CONCUR.